SHAFER, respondent, *v.* CONSTANS, appellant.

PLACER MINES — *possession of adverse claimant.* A. possessed ten years a lot of land in Oro Fino gulch and had an arastra thereon. B. located in 1877 a placer mining claim in the gulch which included A.'s property, and filed his application in the land office to obtain a patent thereto from the United States. A. filed in the office an adverse claim to said lot. The gulch was returned by the official surveyors as mineral land, and it had been mined to one point about one thousand feet above, and another point about two thousand feet below the arastra. There was no testimony showing that the intermediate three thousand feet of the gulch contained any metals, and it did not appear that the channel passed through A.'s lot. *Held,* that A. is an adverse claimant under the acts of congress relating to placer mining claims, and that B. is not entitled to the patent to the land in A.'s possession.

*Appeal from Third District, Lewis and Clarke County.*

THE action was tried by WADE, C. J.

E. W. & J. K. TOOLE, for appellant.

The only claim the respondent could have to the premises in controversy is by virtue of his claim to a mill-site, and this kind

of a right cannot be asserted or maintained upon mineral land. U. S. Rev. Sts., § 2337.

The land was returned as mineral land, and respondent, claiming the same under the law concerning mill-sites, must prove its non-mineral character. Copp's Decisions, 129 ; Week's Mining Decisions, 255, 329–331.

The occupancy of the land for an entirely different character from that of mining by respondent cannot furnish ground for relief against the claim of appellant, who made his application to enter and survey before respondent asserted his claim by any marks or monuments designating the exterior boundaries thereof.

CHUMASERO & CHADWICK, for respondent.

BLAKE, J. The respondent brings this action to determine his right to the possession of a certain tract of the public domain of the United States. The issues were tried by the court without a jury, and the following facts appear in the findings.

The respondent had enjoyed the possession of the land for the period of ten years before the commencement of this action, and had and used an arastra thereon. Oro Fino gulch was discovered and portions thereof were mined for the precious metals before the occupancy of the respondent. It was impossible to decide whether the channel of this gulch was within or outside of the land in dispute, although the arastra appeared to be in the bed of the gulch. The appellants located a part of the gulch, including the premises of the respondent, several years after the occupation thereof by the respondent, but before the mill-site had been designated by any marks or monuments. The gulch was returned to the United States land office as mineral land, and has been mined to one point one thousand feet above, and also to another point two thousand feet below the arastra. The intermediate space of three thousand feet has not been mined or worked on account of the obstacles in finding the bedrock. There was no other testimony tending to show that the tract in controversy contained any minerals.

The court rendered judgment that the respondent was entitled, as against the appellants, to the possession of the mill-site.

It appears from the pleadings that the appellants filed their

application in the United States land office in Helena, in this Territory, to enter a parcel of placer mineral land in said gulch. The respondent filed his adverse claim to the part, which has been mentioned and then commenced this action.

The appellant contends that the only right of the respondent to the premises is under his claim to a mill-site, which cannot be maintained on mineral land ; and that therefore the respondent must prove that the same is non-mineral. We must determine, in the first place, whether the respondent can be treated as an adverse claimant according to the statutes of the United States respecting placer mining claims.

In the 420 *M. Co.* v. *Bullion M. Co.,* 3 Saw. 634, Mr. Justice SAWYER says : " The party who at the time can maintain his right to the claim in the courts of the country as against any person but the United States, under the local laws, customs, rules and regulations, is the party upon whom congress intended to confer the right to purchase, no matter how that right originated, if, under such laws and customs and decisions of the courts, he has the present right. And this is simply a right to purchase — a privilege given to the party, of which he may avail himself or not, exactly like a pre-emption law, and founded upon similar reasons and policy." In *Chapman* v. *Toy Long,* 4 Saw. 28, it is held that the locator of a mining claim "need not take any steps to purchase the land or obtain a patent for it."

The assistant attorney-general of the United States in his opinion in *Becker* v. *Central City,* a subject of controversy arising in Colorado, says : " Possession is one of the elements of title, and is made by this statute a necessary subject of inquiry. If found to be in any one other than the claimant, it is a bar to the issuance of a patent, at least until adjudged wrongful in the manner pointed out in the sixth section. * * * In the present case the application for a patent includes the surface and soil, as well as the mineral. I am of the opinion that the persons in possession of this surface are adverse claimants, and have an adverse claim within the meaning of this law, and are entitled to be heard in the local courts before patent is issued." Weeks on Mineral Lands, § 148.

Under the laws of the United States the proprietor of a lode may obtain a patent to non-mineral land, which is used for mining or milling purposes; and the owner of a quartz mill or reduction-works, who does not possess a mine in connection therewith, "may also receive a patent for his mill-site" in the same manner as said proprietor. U. S. Rev. Sts., § 2337. The adverse claimant is required to show "the nature, boundaries, and extent of such adverse claim," and "commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession." U. S. Rev. Sts., § 2326.

The respondent is not seeking to obtain a patent to his mill-site from the United States, and cannot be compelled to be a purchaser thereof. He has stated the "nature" of his adverse claim, and we are satisfied that he had the "right of possession" to the lands in controversy upon the trial in the court below. In this inquiry, the character of the premises does not affect the rights of the respondent, and he was not called upon to prove that they were non-mineral.

The appellants do not allege in their answer that they have complied with the mining rules, customs and regulations of the mining district in which Oro Fino gulch is situated. They are not entitled to receive a patent to the tract, which has been claimed by them, if this fact is not established. It has been adjudged correctly that the respondent has the right to occupy the land on which his arastra is situated, as against any title which has been asserted by the appellants.

*Judgment affirmed.*