Johns, Auditor, *v.* The State, *ex rel.* School City of Noblesville.

No. 16,363.

JOHNS, AUDITOR, *v.* THE STATE, EX REL. SCHOOL CITY
OF NOBLESVILLE.

SCHOOLS.—*Taxation.*—*Property of Persons Transferred for School Purposes.*—
Where a person is transferred from one township, town or city to
another for school purposes, he must pay on all his property, situated
in the township, town or city to which he is transferred, as well as
that situated in the township, town or city in which he resides, the
same rate of school and poll taxes as is paid by the people of the town-
ship to which he is transferred, and for the use of that township, and
it is the duty of the auditor to extend the assessment to such property
and the poll of the person at the rate fixed by the corporation to which
he is transferred.

From the Hamilton Circuit Court.

*W. S. Christian,* for appellant.

*G. Shirts* and *J. A. Kilbourne,* for appellee.

OLDS, J.—This is a proceeding to compel the appellant,
the auditor of Hamilton county, to enter the property of
certain persons residing without the limits of the city of No-
blesville, but who had been transferred to the city of Nobles-
ville for school purposes, on the tax duplicate of said city of
Noblesville for taxation for school purposes, and to extend
taxes and polls chargeable against such persons at the rate
fixed for taxation for the city of Noblesville for school pur-
poses, and the court rendered judgment against the appel-
lant requiring him to make such entries.

The question presented arises on the ruling of the court
in overruling appellant's demurrer to the alternate writ of
mandate, which ruling is assigned as error.

Counsel for appellant says: " The question here presented,
and the solution thereof, depend upon the construction of
section 4468, R. S. 1881." This section reads as follows:
" 4468. *Assessment and collection.* The county auditor shall,
upon the property and polls liable to taxation for State and
county purposes, make the proper assessment of special school
tax levied by the trustee, in the same manner as for State

Johns, Auditor, *v.* The State, *ex rel.* School City of Noblesville.

and county revenue, and shall set down the amount of said tax on his tax-list and duplicate thereof, as other taxes are set down, in appropriate columns; and he shall extend said assessment to the taxable property of the person transferred, which is situated in the township, town, or city to which the transfer is made, and to the property and poll of the person transferred, situate in the township, town, or city in which the person taxed resides, according to the rate and levy thereof in the township, town, or city which the transfer is made, and for its use; and said tax shall be collected by the county treasurer as others are collected, and shall be paid, when collected, to the treasurer for school purposes of the proper township, town, or city, upon the warrant of the county auditor.  To enable county auditors correctly to assess said tax, the county superintendents of the several counties shall, at the time they make out and report to the auditor the basis of the apportionment of school revenue for tuition, as is required by section 4432, make out and report to said auditor a statement of transfers which have been made for school purposes according to sections 4472 and 4473."

Counsel contends that this section makes a distinction between persons owning property within the township, town or city to which they are transferred for school purposes, and persons residing without the township, town or city, and not owning property situate within the township, town or city to which they are attached for school purposes; that the auditor is required to extend the assessment to the taxable property, and place the same on the duplicate of the township, town or city to which the person is transferred, as to the property-owner in such township; while as to persons residing without, and owning no property in the township, town or city to which they are transferred, the auditor would have to extend the assessment, and place it upon the duplicate of the township, town or city in which the persons reside.  The court in this case finds that the auditor was about to extend the taxes

on the property of those persons residing without the city limits, and owning no property there, upon the duplicate of the township wherein they resided, at the rate assessed by the trustee of said township, instead of the rate fixed by the school city, and which was a less rate than that fixed by the city.

We can not concur with this view of counsel in his construction of section 4468, *supra.* We think this section of the statute contemplated that a person who is transferred from one township, town or city to another for school purposes shall pay taxes upon all of the property situate in the township, town or city to which he is transferred, as well as that situate in the township, town or city in which he resides, and poll of the person so transferred, at the rate assessed by the township, town or city to which he is transferred ; and it is the duty of the county auditor to extend the taxes against such property at such rate. While the section designates the two classes of property separately, it fixes the rate upon all at the rate fixed for the corporation to which he is transferred. When the transfer is made for school purposes, it carries with it the property of the persons situate in the township, town or city in which the person resides for taxation ; in other words, such of his property as is so situate in the township in which he resides is transferred with the person to the school township, town or city to which he is attached for taxation for school purposes, and makes it. assessable as other property is assessable in such township, town or city, and it should be entered upon the duplicate, and such tax for school purposes extended against it, at the same rate and in the same manner as the property of other persons residing within the corporate limits of such township, town or city. The tax belongs to such township, and it is proper that the property should be entered on the duplicate of the township for such purpose. The conclusion which we have reached is in accordance with the views of the school officers of the State. In note 7 to section

4473, School Laws of Indiana, 1891, issued by Vories, Superintendent of Public Instruction, we find this statement made by Hon. Wm. C. Larrabee, Superintendent of Public Instruction from 1852 to 1853 : " When a person is transferred for school purposes to any township in his own county, he must pay to the county treasurer, on all his property situated in the township in which he resides, the same rate of school and poll taxes as is paid by the people of the township to which he is transferred, and for the use of that township. If he owns property in another township, it must be taxed at the rate of the other property in that township, and for the use of schools therein." In note 5 to same section it is said : " The additional labor required of the auditor by a transfer is simply to enter the name of the party transferred and the value of his property situate in the township in which he resides upon the tax duplicate of the township to which the transfer is made, and assess upon such property the proper special school tax."

The conclusion we have reached leads to an affirmance of the judgment.

Judgment affirmed, with costs.

