IRELAND, TRUSTEE, v. STATE, EX REL. BARNHART ET AL.

[No. 20,488. Filed October 25, 1905.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Abolition.*—*Statutes.*—Prior to the act of 1901 (Acts 1901, p. 159, §5920f Burns 1901), the township trustee, acting in good faith, had the power, subject to an appeal to the county superintendent, to abolish a school district, and his discretion was not subject to review by the court. p. 378.

2. SAME.—*Abolition.*—*Statutes.*—The township trustee, under §5920f Burns 1901, Acts 1901, p. 159, may, in his discretion, abolish schools having an average attendance of twelve or fewer, and with the written consent of a majority of the voters of such district, entitled to vote for trustee thereof, he may abolish schools with a larger average attendance. p. 379.

3. SAME.—*Voters.*—*Statutes.*—Under §5959 Burns 1901, §4473 R. S. 1881, the person having legal custody of a child of school age attached to a certain district for school purposes was a legal voter at the school meetings of such district, though such person resided out of the township. p. 379.

4. SAME.—*Voters.*—*Statutes.*—Under the act of 1901 (Acts 1901, p. 448, §§5959a-5959e Burns 1901), the person, having the legal custody of a child of school age transferred to another corporation for school purposes, is not a voter of such school district to which such child is attached. p. 379.

5. SAME.—*Boundaries.*—School districts have no fixed boundaries, but are composed of the persons residing in such township and attached to such district for school purposes. p. 380.

6. SAME.—*Voters.*—The legal voters of a school district, for school purposes, are the legal custodians of children of school age residing in the township in which the school is located. p. 380.

7.   PLEADING.—*Complaint.*—*Mandamus.*—*Negativing Exceptions in Statute.*—A complaint in mandamus, alleging that when the township trustee "abandoned said school, he did not have the written consent of a majority of the legal voters in said school district," is insufficient, since it fails to show that such trustee did not have the written consent of a majority of those entitled to vote for "township trustee" as provided by statute (Acts 1901, p. 159, §5920f Burns 1901).   p. 380.

From Wabash Circuit Court; *H. B. Shively,* Special Judge.

Action by the State of Indiana, on the relation of Frederick Barnhart and others, against Frank Ireland as trustee of Pleasant School Township. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Sayre & Hunter,* for appellant.

MONKS, C. J.—The relators brought this action to compel appellant by writ of mandate to employ a teacher and maintain a school in school district number sixteen of said township, for the school year 1903-4.   A trial of said cause by the court resulted in a finding and judgment in favor of the relators for a peremptory writ of mandate that appellant employ a teacher and maintain said school.

Prior to the adoption of the act approved March 7, 1901 (Acts 1901, p. 159, §5920f Burns 1901), the trustee of the school township had the power to abolish a school district when in his judgment the public interest required it, subject to the right of appeal to the county superintendent.   Such discretion, if exercised in good faith, could not be reviewed by the courts. *State, ex rel.,* v. *Seely* (1904), 163 Ind. 244, and cases cited; *State, ex rel.,* v. *Wilson* (1898), 149 Ind. 253, 254, and cases cited; *Braden* v. *McNutt* (1888), 114 Ind. 214, 215, and cases cited; *Carnahan* v. *State, ex rel.* (1900), 155 Ind. 156, 157, and cases cited.

Said act of 1901 provides: "That no township trustee shall abandon any district school in his township until he

shall have first procured the written consent therefor
2. signed by a majority of those legal voters who are entitled to vote for township trustee in such district. Provided, this act shall not apply to schools which have an average daily attendance of twelve pupils or fewer." It is alleged in the amended petition for the writ of mandate that when appellant, as trustee of said school township, "abandoned said school, he did not have the written consent of a majority of the legal voters in said school district." Does it appear from this allegation that appellant did not have the written consent required by said act to authorize him to abandon said school district? We think not. Before the taking effect of the act of 1901 (Acts 1901, p.
3. 448, §§5959a-5959e Burns 1901) the parents, guardians and those having charge of children entitled to school privileges were transferred for school purposes, under §5959 Burns 1901, §4473 R. S. 1881 and Horner 1901, from the school corporation in which they resided to another, and their property, real and personal, situate in the township in which they reside was transferred with them to the school corporation to which they were transferred, and was taxable there for school purposes the same as if located therein, and they became legal voters of the school district to which they were attached at all school meetings of said district. *Johns* v. *State, ex rel.* (1892), 130 Ind. 522. But a radical change was made as to transfers from one school corporation to another by said act of 1901 (Acts 1901, p. 448, §5959a-5959e Burns 1901). Under the last-named act, the child of school age, and not the parent, guardian or custodian, is transferred
4. from one school corporation to another for educational purposes (*Weir* v. *State, ex rel.* [1903], 161 Ind. 435, 439), and no property, real or personal, is thereby transferred for the purposes of taxation to the school corporation to which such transfer is made; but the tuition of the pupil so transferred is paid by the school corporation in

which said pupil resides to the school corporation to which the transfer is made. Under this law it is clear that the parent, guardian or custodian of the pupil so transferred is not a legal voter of the school district to which said pupil is attached.

A school district has no fixed boundaries, but is composed of the persons residing in the township who have been enumerated and attached thereto under §5958 Burns 1901, Acts 1895, p. 127, §1. All the taxpayers, male and female, residing in the township, except married women and minors, who have been listed as parents, guardians or heads of families, and attached to a school district under §5958, *supra,* are legal voters of said school district at all school meetings of said district. The legal voters, therefore, of school district number sixteen were those taxpayers, male and female, except married women and minors, residing in Pleasant township, who were enumerated and attached thereto under the enumeration made in April, 1903, by the trustee of said school township.

It is evident that many persons may be legal voters of a school district, and yet not be "entitled to vote for township trustee in said district." For aught that appears in said amended petition for the writ, appellant may have had the written consent for the abandonment of said school district, "signed by a majority of those legal voters who are entitled to vote for township trustee in said district." This is all that said act of 1901 (Acts 1901, p. 159, §5920f Burns 1901) requires to authorize a township trustee to abandon a school district, coming within the provision of said act.

It follows that the court erred in overruling appellant's demurrer for want of facts to said amended petition.

Judgment reversed, with instructions to sustain said demurrer, and for further proceedings not inconsistent with this opinion.