(56 Misc. Rep. 26.)

PEOPLE ex rel. DELLETT v. BOARD OF HEALTH OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.  September, 1907.)

MANDAMUS—RESTORATION TO OFFICE—DELAY IN APPLICATION.

A veteran volunteer fireman, certified from the civil service list for appointment as medical clerk of the department of health, received from the board of health, two months after his appointment, a letter stating that, because of the character of his work, he would not be retained in the service of the board at the end of the provisional period for which he

had been appointed. More than ten months thereafter, he applied for a peremptory mandamus requiring his reinstatement, on the ground that he was entitled to be served with charges and to a hearing. *Held*, that the application would be denied, and the fact that he had been advised by lay acquaintances that he was without a legal remedy and had not been able to employ counsel was an insufficient excuse for delay.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, §§ 284–285.]

Application by the people, on the relation of Augustus P. Dellett, for writ of mandamus to the board of health of the city of New York. Application denied.

Andrew H. Scoble, for relator.

Francis K. Pendleton, for respondent.

BRADY, J. This is an application for a peremptory writ of mandamus to the defendants, directing them to reinstate the relator herein as a medical clerk in the department of health of the city of New York, etc. No dispute upon a question of fact arises upon the motion. The relator, a veteran volunteer fireman, was certified to the defendants from the civil service list for appointment as medical clerk in the department of health. The position is one in the competitive civil service, and on the 2d day of May, 1906, the relator received his appointment as such, and his term of probationary service commenced on that date. On July 20, 1906, he received from the board of health a letter stating that, owing to the unsatisfactory character of his services, he would not be retained in the service of the board at the end of the provisional period for which he had been appointed. The provisional period expired on August 2, 1906, and he was then dropped from the service; no specific charges having been preferred against him. He now contends that, inasmuch as he was a veteran volunteer fireman, he was entitled to be served with charges and to a hearing and trial thereon before dismissal.

Without determining the question of the legality of the relator's removal, a consideration of the objection raised by the corporation counsel that the relator is guilty of laches in bringing this proceeding compels the conclusion that the application must be denied. The relator was removed on the 2d day of August, 1906. On or about May 28, 1907, he made formal written demand through counsel for his reinstatement, and on or about June 3, 1907, he made a supplemental demand for the same purpose. On or about June 12, 1907, he served notice of motion for his reinstatement, which notice was subsequently withdrawn by consent of the corporation counsel. On June 26, 1907, he made a final demand in writing upon the board of health for reinstatement, and on July 8, 1907, this proceeding was brought. Taking the 12th day of June, 1907, as the date of his application for a mandamus to restore him to his position, it follows that a period of over ten months elapsed between the date of his dismissal and the time of his application to the court for reinstatement. While there is no statutory limitation within which an application of this character must be made, the courts have nevertheless held that, inasmuch as it is in some respects analogous to a proceeding to re-

view by writ of certiorari, the limitation there applicable should be denied unless the delay is satisfactorily explained. People ex rel. Young v. Collis, 6 App. Div. 468, 39 N. Y. Supp. 698; People ex rel. Miller v. Justices of Court of General Sessions, 78 Hun, 334, 29 N. Y. Supp. 157; People ex rel. McDonald v. Lantry, 48 App. Div. 131, 62 N. Y. Supp. 630; People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; People ex rel. Finn v. Greene, 87 App. Div. 346, 84 N. Y. Supp. 565. The excuse given for delay herein is expressed by the relator in the moving papers in the following words:

"I had no means, and was forced to investigate the legality of my dismissal personally and without the aid of any lawyer. I was informed by friends and other civil service employés that as a probation appointee the board of health had the power to summarily dismiss me on the last day of my probation. I was so informed at the civil service commission. I was informed that the civil service law allowed such summary dismissal and that the Court of Appeals had sustained such dismissals. Nevertheless, I pursued my investigation alone, without legal aid, until on or about April 25, 1907, I was able to retain my present counsel."

In effect this amounts to a statement that the relator was without means to employ counsel until April 25, 1907, and that he was advised by lay acquaintances that he was without legal remedy. While these facts appeal strongly to sentiment, they do not furnish a good excuse in law. We must assume that the four months' limitation applied by judicial procedure is as binding as if the same were statutory, and if the want of financial resources to employ counsel were sufficient in the present case to excuse a delay of months, it would on principle be sufficient to excuse a delay of years, and if held sufficient to avoid the penalty of one limitation must necessarily be held sufficient to avoid the penalty of all rules of limitation. This want of means would serve to avoid the statute of limitations in every action or proceeding. This would lead to an absurdity. The application must therefore be denied.

Application denied.