## TEEPLE, TRUSTEE, *v.* THE STATE OF INDIANA, EX REL. BOWER ET AL.

### [No. 21,285. Filed November 24, 1908.]

1. APPEAL.—*Briefs.*—*Failure to Set Out Record.*—*Supply, by Appellee.*—Where appellant's brief does not set out the record showing the alleged error, but the appellee's brief does, the point will be considered. p. 271.

2. SAME.—*Briefs.*—*Good-Faith Effort to Comply with Rules.*—Where appellant has made a good-faith effort to comply with the Supreme Court rules, defects in his brief may be disregarded. p. 271.

3. PLEADING.—*Complaint.*—*Mandamus.*—*Abandonment of School District.*—*Negativing.*—A complaint in mandamus to compel the township trustee to employ a teacher for a certain school district, alleging that such school was not abandoned under certain statutes but failing to allege that it was not abandoned under §6421 Burns 1908, Acts 1901, p. 437, providing that upon a petition of the majority of the voters of a school district the township trustee shall consolidate same with some other school district or districts, is bad, the presumption being that such school was abandoned. p. 271.

4. SCHOOLS.—*Abandonment.*—*Trustees.*—*Acts of.*—*Presumptions.*—*Mandamus.*—The presumption is that a township trustee who consolidated one school district with another did so rightfully, and he can be mandated to employ a teacher for such former district only upon a showing that he has the power to do so. p. 272.

5. MANDAMUS.—*Parties.*—*"Trustee of the Township."*—*Presumptions.*—Mandamus does not lie against an individual, as "trustee of Charlestown township," to employ a teacher for a certain school in such township, the presumption being conclusive that the civil and not the school township is thereby designated. p. 273.

6. TOWNSHIPS.—*School.*—*Civil.*—The school township, though comprising the same territory, is distinct from the civil township. p. 273.

7. APPEAL.—*Assignments of Errors.*—*New Trial.*—Grounds for a new trial cannot be assigned as error independently on appeal, but are all included in the assignment on such motion. p. 274.

8. EVIDENCE.—*Consolidation of School Districts.*—*Erroneous Admission.*—*When Harmless.*—The alleged erroneous admission of evidence showing a consolidation of school districts will not be

considered, where the relators in a mandamus action to compel the trustee to hire a teacher for the old district are not otherwise entitled to recover. p. 275.

9. MANDAMUS.—*Discretion.*—*Equity.*—The issuing of a writ of mandate is the subject of a legal discretion to be exercised equitably according to fixed rules. p. 275.

10. SAME.—*Injustice.*—*Laches.*—The writ of mandamus will not be issued where it will work injustice, or where relators are at fault. p. 276.

11. SAME.—*Laches.*—*Prejudice.*—Laches, unless satisfactorily excused, may defeat an action in mandamus; and in determining such delay the court will consider any injustice which may be done to individuals or to the public. p. 276.

12. SAME.—*Schools.*—*Laches.*—Where a school district was consolidated with other districts, a new house built at great expense, and school maintained therein for two years, an application for a writ of mandate to compel the trustee to provide a teacher for one of the old districts is too late, though the trustee had temporarily maintained a school therein for the lower grades during both years. p. 277.

13. SCHOOLS. — *Districts.* — *Abandonment.*—*Voters.*—Children who live in an adjoining township, but whose parents had them attached to a school district in defendant trustee's township, upon the abandonment of such school to which such children were attached, they cease to be attached to such old district. p. 278.

14. SAME.—*Children.*—*Attachment for School Purposes.*—*School Voters.*—Under §§6449-6453 Burns 1908, Acts 1901, p. 448, school children, but not the parents, may be transferred from one school corporation to another for school purposes, and such transfer does not constitute the parents or guardians legal voters in such districts. p. 278.

15. SAME.—*Children.*—*Transfer.*—*Right of Action.*—*Parties.*—Under §§6449-6453 Burns 1908, Acts 1901, p. 448, the wrongful refusal to transfer a child from one school corporation to another gives such child a right of action which may be enforced by its next friend. p. 278.

16. MANDAMUS.—*Providing School Teachers.*—*Parties.*—*Outsiders.* —The parents of children attached to a school abolished by consolidation two years previously cannot mandate the township trustee to furnish a teacher for such abolished district. p. 279.

17. SAME.—*Petition.*—*Paragraphs.*—*Return.*—Separate paragraphs of petition in mandamus are not permissible, though the return may be in separate paragraphs, to which demurrers may be addressed. p. 279.

18. SAME. — *Complaint.* — *Requirements.*—The alternative writ of mandate constitutes the complaint in mandamus, aided by the

facts alleged in the petition, and must 'show a duty upon defendant's part, and the power necessary to enable him to perform the act commanded.   p. 280.

19.   MANDAMUS.—*Complaint.*—*Amendments.*—Upon leave of court a petition in mandamus may be amended and the writ amended to conform thereto'; but two paragraphs of the petition should not be filed nor two writs issued.   p. 280.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by the State of Indiana, on relation of John W. Bower and another, against James N. Teeple, "Trustee of Charlestown Township" of Clark County.  From a judgment for plaintiff, defendant appeals. *Reversed.*

*G. H. D. Gibson* and *E. C. Hughes,* for appellant.
*James W. Fortune,* for appellee.

MONKS, J.—This proceeding was brought by the relators in September, 1907, to compel appellant by writ of mandate to perform certain alleged official duties.  The verified application for the writ was in two paragraphs, upon which an alternative writ was issued.  To this alternative writ appellant filed a return, which was held sufficient on demurrer. Afterwards relators filed another verified application for an alternative writ, denominated "paragraph three."  An alternative writ was issued on said paragraph.  Appellant's demurrer "for want of facts" to this alternative writ and the application therefor, was overruled.  Appellant filed a return to the second alternative writ.  A trial of said cause by the court resulted in a finding, and, over appellant's motion for a new trial, a judgment in favor of the relators, and an order for a peremptory writ of mandate commanding appellant "forthwith to employ a teacher to teach the Otisco school, in district number eleven, in said township, for the school year of 1907-08, and not to abandon the same."

The errors assigned call in question the action of the court in overruling appellant's demurrer "for want of facts" to the application for an alternative writ, designated "para-

graph three," and the alternative writ issued thereon, and appellant's motion for a new trial.

The relators contend that appellant is not "entitled to have said alleged error of overruling his demurrer to said paragraph and alternative writ considered, on account

1. of his failure to set out in his brief that part of the record showing the ruling of the court thereon and appellant's exception thereto as required by rule twenty-two of this court." It is not necessary to determine whether such ruling and exception thereto are sufficiently set forth in appellant's brief, because the relators have cured the defect, if any, in appellant's brief by copying the order-book entry of said ruling and appellant's exception thereto in their brief, thus accomplishing the purpose of the rule. *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288, 289; *Tipton Light, etc., Co.* v. *Dean* (1905), 164 Ind. 533-535.

The relators complain of the failure of appellant to comply with said rule in other respects, but as appellant has made a good-faith effort to comply, and has substan-

2. tially complied, therewith, said defects will be disregarded. *Stamets* v. *Mitchenor* (1906), 165 Ind. 672, 675; *Howard* v. *Adkins* (1906), 167 Ind. 184, 186, and cases cited.

Said third paragraph and the alternative writ issued thereon allege facts showing that neither appellant, nor any of his predecessors in office, had ever obtained an order

3. from the county superintendent of said county authorizing him to change the site and location of the school building in said school district number eleven, located at the town of Otisco, to some other site in said school district, under the provisions of §§6417-6419 Burns 1908, Acts 1903, p. 17; that the attendance at said school has been such that appellant had no power or authority to discontinue and abandon said school under §6422 Burns 1908, Acts 1907, p. 444; that appellant had not abandoned said school dis-

trict on "the written consent therefor signed by a majority of those legal voters who are entitled to vote for township trustee in such district," as provided in §6420 Burns 1908, Acts 1901, p. 159, which took effect March 7, 1901. . Section 6421 Burns 1908, Acts 1901, p. 437, which took effect March 11, 1901, four days after §6420, *supra,* took effect, provides: "that whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition, and to provide for the education of the children of . such abandoned district or corporation in other schools as asked for in such petition."

From aught that appears to the contrary in the third paragraph and in the alternative writ issued thereon appellant may have abandoned the school at Otisco, in said district number eleven, by consolidating said school with the school or schools in other school districts in said township, on the petition of the class of legal voters mentioned in §6421, *supra,* said class of voters being a different class from that mentioned in §6420, *supra.  Ireland* v. *State, ex rel.* (1904), 165 Ind. 377, 380. Said third paragraph and the alternative writ issued thereon, failing to show that the school at Otisco was not abandoned by being consolidated with some other school or schools in other school districts in said township under §6420, *supra,* was insufficient, and the court erred in overruling the demurrer thereto. *Ireland* v. *State, ex rel., supra.*

This is true because the presumption is that appellant, as trustee of said township, has performed all of his official duties, and therefore the alternative writ is not suf-

4. ficient unless the facts alleged therein and in the application therefor show that it is the duty of the.

officer to perform the act sought to be compelled, and that he has the power to perform the same. *State, ex rel.,* v. *John* (1908), 170 Ind. 233, and cases cited; *State, ex rel.,* v. *Anderson* (1908), 170 Ind. 540. It is evident that it was not the duty of appellant to employ a teacher for the school at Otisco, if the same had been abandoned by consolidation under §6420, *supra.*

Besides, it will be observed that the proceeding was brought against appellant, "trustee of Charlestown township." It has been held that when the action is 5. brought against the "trustee of the township," it is conclusively presumed that the action is against the trustee of the civil township, and not the school township. *Jarvis* v. *Robertson* (1890), 126 Ind. 281, and cases cited. It was held by this court in *Hornby* v. *State, ex rel.* (1879), 69 Ind. 102, that an action to compel a trustee to build a schoolhouse must be against him as "trustee of the school township," and not as "trustee of the township." If brought against him as "trustee of the township," as in this case, the alternative writ is bad on demurrer for want of facts.

The school township is a corporation and has control of the schools, schoolhouses and school funds, and is a distinct 6. legal entity from that of the civil township. §§6404, 6405 Burns 1908, §§4437, 4438 R. S. 1881; *State, ex rel.,* v. *Ogan* (1902), 159 Ind. 119.

It follows from what we have said and the authorities cited that the court erred in overruling the demurrer to the third paragraph of the application and the alternative writ issued thereon.

The causes assigned for a new trial present the question of the sufficiency of the evidence to sustain the finding, and that said finding is contrary to law.

The relators insist that no questions are presented as to the sufficiency of the evidence, and whether the finding is

contrary to law, because the same have not been assigned as errors in this court. The overruling of said motion for a new trial has been assigned as error in this court, and this is all that is required to present all the causes properly assigned for a new trial, for the determination of this court. "It has been held in many cases that the ruling which forms the basis, ground or cause for a new trial cannot be independently assigned as error in this court." Elliott, App. Proc., §§347, 349, 350. See, also, Ewbank's Manual, §44, p. 65, §134; Cheek v. State (1908), ante, 98; Raper v. American Tin Plate Co. (1901), 156 Ind. 323, 324, and cases cited; Bane v. Keefer (1899), 152 Ind. 544, 547, 548; Cline v. Lindsey (1887), 110 Ind. 337, 343, and cases cited.

It appears from the evidence that in May, 1905, school districts eight, eleven and twelve, in Charlestown township, were adjacent to each other, and that the schoolhouse in district number eight had been destroyed by fire. The schoolhouse in district number eleven was in the town of Otisco. In May or June of said year appellant, the members of the advisory board of said township, and the county superintendent went to said town of Otisco to consult with the patrons of said school in regard to consolidating said three districts and erecting a new school building therefor. After consulting the patrons of said school at Otisco and of said districts eight and twelve, it was decided to build a schoolhouse sufficiently large to accommodate the children of school age in said three districts. Appellant thereby decided to consolidate said three districts. During the summer of 1905, appellant caused to be erected, at the expense of said township, in said new district number eight, which was composed of the old districts mentioned, a large and commodious school building for common and high school purposes, sufficient to accommodate all the children of school age in said new district. Teachers were employed by appellant for said new school, and the children of school age in said new dis-

trict attended said school during the school years of 1905-06, and 1906-07, except, as a matter of convenience, four grades for small children were taught during said two years at the schoolhouse in said town of Otisco. Appellant decided not to employ a teacher for said four grades for small children in said schoolhouse in Otisco for the school year of 1907-08, but said pupils were required to attend school at said new schoolhouse in said new district number eight. In April, 1906, and in April, 1907, appellant enumerated all the unmarried persons of school age in said new district number eight, and attached them, for school purposes, to said new district.

Appellant, over the objection of the relators, testified that a majority of the legal voters of said old districts eight, eleven and twelve presented to him a petition asking

8. that he consolidate said districts, and that he consolidated the same. The relators objected to this evidence, for the reason that appellant, as township trustee, had no power, upon the petition of the majority of the legal voters of said old districts, to consolidate said three districts, and for the further reason that any action that might be taken by any other district would not justify said appellant in abolishing said old district number eleven, or consolidating it with any other school district in said township. The court overruled the objection. It is not necessary to determine as to the correctness of the objection made to the admission of said evidence, or the ruling of the court in admitting the same, or what effect, if any, said evidence should have, for the reason that, under the facts before set forth, the relators were not entitled to an order or judgment for a peremptory writ of mandate.

The issuing of a writ of mandate is considered discretionary. The discretion is judicial, to be exercised

9. on equitable principles, and is governed by fixed rules.

It will not be granted when it will work injustice, or intro-

duce confusion and disorder, or operate harshly, or where the relator has instigated, authorized or approved the

10. acts complained of. Application therefor must be made within a reasonable time after the alleged default or neglect of duty.

Laches or delay in making application for the writ, unless satisfactorily explained, may afford sufficient cause for its denial. In determining what will constitute such

11. unreasonable delay or laches as will defeat the right to mandamus, regard should be had to the circumstances, if any, justifying the delay, to the nature of the case, the relief demanded, and the question whether the rights of the defendant, other persons, or the public, as public corporations, have been prejudiced by the delay. Tapping, Mandamus, *290-*292; Merrill, Mandamus, §87; High, Extra. Legal Rem. (3d ed.), §30b; 19 Am. and Eng. Ency. Law (2d ed.), 753-756; 13 Ency. Pl. and Pr., 498, 499; 26 Cyc., 143-150; 2 Spelling, Injunction (2d ed.), §1382; *State, ex rel.,* v. *Board, etc.* (1904), 162 Ind. 580, 603, and authorities cited; *Shafer* v. *Constans* (1879), 3 Mont. 369; *State, ex rel.,* v. *District Court* (1903), 29 Mont. 265, 270, 74 Pac. 498, and authorities cited; *Chinn* v. *Trustees, etc.* (1877), 32 Ohio St. 236; *Taylor* v. *Board, etc.* (1894), 57 N. J. L. 376, 30 Atl. 431; *People, ex rel.,* v. *Common Council, etc.* (1879), 78 N. Y. 56, 63; *People, ex rel.,* v. *Chapin* (1887), 104 N. Y. 96, 10 N. E. 141; *Murphy* v. *Keller* (1901), 61 Hun, App. Div., 145, 70 N. Y. Supp. 405; *People, ex rel.,* v. *Keating* (1900), 49 Hun, App. Div., 123, 63 N. Y. Supp. 71; *People, ex rel.,* v. *Greene* (1903), 87 Hun, App. Div., 346, 84 N. Y. Supp. 565; *People, ex rel.,* v. *Maxwell* (1903), 87 Hun, App. Div., 391, 84 N. Y. Supp. 947; *People, ex rel.,* v. *Board, etc.* (1907), 106 N. Y. Supp. 923, 56 Misc. 26, and cases cited; *People, ex rel.,* v. *Sturgis* (1903), 82 Hun, App. Div., 580, 81 N. Y. Supp. 816; *People, ex rel.,* v. *Board, etc.* (1906), 114 Hun, App. Div., 111, 99 N. Y. Supp. 737; *People, ex rel.,* v. *Board, etc.* (1907), 187 N. Y. 535, 80 N. E. 1116, and cases

cited; *State* v. *Gibson* (1905), 187 Mo. 536, 554-559, 86 S. W. 177; *People, ex rel.,* v. *City of Chicago* (1906), 127 Ill. App. 118; *Manchester* v. *Furnald* (1901), 71 N. H. 153, 159, 51 Atl. 657; *True* v. *Melvin* (1862), 43 N. H. 503; *Cahill* v. *Superior Court, etc.* (1904), 145 Cal. 38, 46, 47, 78 Pac. 467, and authorities cited; *Simpson* v. *City of Kansas City* (1893), 52 Kan. 88, 34 Pac. 406; *State, ex rel.,* v. *Police Board, etc.* (1902), 107 La. 162, 165-169, 31 South. 662.

In this case, as heretofore shown, and as argued by the counsel for the relators, the school in the town of Otisco in old district number eleven was abandoned in May or June, 1905, by the act of the appellant in consolidating, or attempting to consolidate, said district with old districts numbered eight and twelve. If the action of appellant was without authority and void, as claimed by the relators, they had a remedy by injunction to prevent the consolidation of said three old districts, and the expenditure of the funds of said township in the erection of said new school building in the new school district number eight. But they waited until after appellant had expended the funds of said township in the erection of a large and commodious schoolhouse for said new district number eight, and until after the school had been taught therein for two years —the school years of 1905-06, and 1906-07—and until September 21, 1907, a period of more than two years, when this proceeding was brought. During all this time appellant and the public have treated said three old districts as consolidated, and thereby the schools in each as abandoned, enumerating the pupils of school age in said three old districts as being in new district number eight, and attaching them thereto for school purposes in April of each of the years 1906 and 1907. During this delay public money has been expended in erecting said schoolhouse for said new school district number eight, school has been taught therein, and public rights, interests and convenience have become involved. It is evident that the rights of the public and of

said township have been prejudiced by said delay. The relators should have acted promptly, before public money had been expended, and before public rights, interests and convenience, or the rights of third parties, had become involved. No excuse is shown for this delay.

It appears from the evidence that a number of the relators were not at the time this action was commenced, and never had been, residents of said old school district number eleven, nor were they residents of said Charlestown township. They lived in Oregon and Monroe townships, but near the town of Otisco in which the schoolhouse for the old district number eleven was located. As no enumeration of the children of school age in said old district number eleven was made in the years 1906 and 1907, no such children, their parents, guardians, or persons having charge of such children, were listed and attached to said old district in either of said years.

Under §§6449-6453 Burns 1908, Acts 1901, p. 448, in regard to transfer from one school corporation to another, the child of school age, and not the parent, guardian, or person in custody of such child, is transferred for educational purposes. The parent, guardian, or custodian, of such transferred pupil, is not a legal voter of the district to which said pupil is transferred. *Ireland* v. *State, ex rel., supra; Wier* v. *State, ex rel.* (1903), 161 Ind. 435, 439.

It is held in the case last cited that when a child of school age is transferred under §§6449-6453, *supra,* an action is properly brought on the relation of such child by its next friend to enforce any right it may have to attend the school to which such transfer was made.

There were no transfers to the old district number eleven, of children of school age from the school corporations of Monroe township or Oregon township in the years 1906 and 1907.

As neither of the relators who resided in Monroe township

or Oregon township when this action was commenced was the parent, guardian, or person having control of any child or children transferred in 1907 to said old district number eleven in Charlestown township, such relators were not entitled to maintain an action to compel appellant to hire a teacher for the school in said old district number eleven, nor to have any relief in relation to said school or the abandonment thereof.

It will be observed that the relators filed a verified application in two paragraphs for an alternative writ of mandate, that said writ was issued, and return made thereto by appellant; that afterwards another application for an alternative writ, designated as "paragraph three," was filed, and that another alternative writ was issued thereon and a return was made thereto by appellant. The issues made by these two writs, the returns thereto, and the replies to said returns were tried by the court. This manner of procedure is not authorized by our statute. Section 1226 Burns 1908, §1169 R. S. 1881, provides: "The writ shall be issued upon affidavit and motion, and shall be attested and sealed, and made returnable as the court shall direct; and the person, body, or tribunal to whom the same shall be directed and delivered, shall make return; and for any neglect to do so shall be proceeded against as for a contempt."

Section 1228 Burns 1908, §1171 R. S. 1881, provides: "Whenever a return shall be made to any such writ, issues of law and fact may be joined; and like proceedings shall be had for the trial of issues and rendering judgment as in civil actions."

Section 1230 Burns 1908, §1173 R. S. 1881, provides: "The court shall have the same power to enlarge the time of making a return and pleading to such writ, and for filing any subsequent pleadings, and to continue such cause, as in civil actions."

While the return under said sections may be in separate

paragraphs like an answer, and may be met by a demurrer or reply (*Potts* v. *State, ex rel.* [1881], 75 Ind. 336, 339-341, and cases cited), the affidavit, or as it is usually called the verified application or petition for the writ, should not be in paragraphs. 3 Works' Practice (4th ed.), pp. 223-226; Merrill, Mandamus, §§316, 318, 322. See, also, 11 Ency. Forms, pp. 775-894. The alternative writ stands as the complaint, and the facts stated therein, aided if necessary by the facts alleged in the application therefor, must show that it was the duty of the defendant, and that he had the power, to perform the act sought to be compelled by said writ. *State, ex rel.,* v. *John* (1908), 170 Ind. 233, and cases cited; *State, ex rel.,* v. *Anderson* (1908), 170 Ind. 540; *Welch* v. *State* (1905), 164 Ind. 104, 106, and cases cited; *Gill* v. *State, ex rel.* (1880), 72 Ind. 266.

Instead of filing the application designated "paragraph three," and obtaining a writ thereon, the application on file should have been amended by leave of court, and the alternative writ already issued amended to conform to the amended application.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial and his demurrer to the third paragraph of the application, and the alternative writ issued thereon, and for further proceedings not inconsistent with this opinion.