## SPROAT, TRUSTEE, *v.* STATE OF INDIANA, EX REL. GILES.

[No. 22,566.  Filed February 12, 1915.]

1. TOWNSHIPS.— *School.*— *Civil.*— *Mandamus.*— *Parties.*— Under §6405 Burns 1914, §4438 R. S. 1881, school townships, though comprising the same territory, are corporations for school purposes distinct from the civil township, and as such may sue and be sued, and the trustee of the civil township is also trustee of the school township for school purposes; hence an action to compel the performance of a duty relating to school matters should be against such officer as trustee of the school township. p. 688.

2. MANDAMUS. — *Parties.* — *Presumptions.* — Where an action for mandamus is brought against the "trustee of the township" it is conclusively presumed to be against the trustee of the civil township, and not against the trustee of the school township. p. 689.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by the State of Indiana, on the relation of Dan Giles, against J. Frank Sproat, Trustee of Hayden Township.  From a judgment for relator, the defendant appeals. *Reversed.*

*J. R. Cauble,* for appellant.

*W. R. Nesbit* and *Thomas J. Wolfe,* for appellee.

ERWIN, C. J.—This action was brought by appellee against appellant to compel, by mandamus, appellant to

transmit proceedings had, before said trustee in relation to the abandonment of certain schools and the consolidation of certain school districts in said township. This complaint is in three paragraphs.

The question here presented is upon the sufficiency of each paragraph of the complaint and arises upon the proposition asserted by appellant, that this action should have been against the appellant as trustee of the school corporation and not against him as trustee of the civil township.

The complaint, and each paragraph thereof alleges that certain petitions were filed with appellant in relation to the changing of certain school districts; that appellant made certain rulings and entered of record certain findings in relation thereto and that within thirty days thereafter the relator, appellee, filed a bond and prayed an appeal to the county superintendent of schools of said county, which bond was duly approved by the trustee and the appeal granted, but that appellant failed and refused to make out and transmit to the superintendent of schools the transcript of the proceedings had before him in relation to said matters. This complaint sets up other matters showing the interest of relator in the proceedings and his right to an appeal from the orders of such trustee and closes with a prayer for mandate to compel appellant to make out and transmit the transcript of the proceedings had in relation thereto. The stat-

1. ute makes each civil township a distinct corporation for school purposes and provides that as such it may sue and be sued, it provides that the trustees of such townships shall be school trustees for their respective townships, and shall perform the duties of clerk and treasurer for school purposes. §6405 Burns 1914, §4438 R. S. 1881. It has been held, repeatedly, by this court that proceedings of this character to compel performance of a duty imposed upon a trustee of a township involving school matters, must be brought against such officer as trustee of the school corporation. *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 273, 86

State, ex rel. *v.* City of Peru—182 Ind. 689.

N. E. 49. If the action is brought against the "trustee of the township" it is conclusively presumed that it is against the trustee of the civil township, and not the trustee of the "school township" and the complaint is insufficient to withstand a demurrer. *Teeple* v. *State, ex rel., supra.*

The judgment is reversed with instructions to sustain the demurrer of appellant to each paragraph of complaint.

NOTE.—Reported in 107 N. E. 673. As to mandamus against public officers, see 98 Am. St. 863. See, also, under (1) 35 Cyc. 831; (2) 35 Cyc. 1057.