## STATE OF INDIANA EX REL., ATWOOD BANK *v.* BOARD OF FINANCE ET AL.

[No. 23,995. Filed November 20, 1923. Rehearing denied February 28, 1924.]

DEPOSITORIES OF PUBLIC FUNDS.—*School Funds.*—*Transfer of School Town to Township.*—*Bank in Town but Outside Township.*—*Statutes.*—Where the school in a town that is divided by a township line has been transferred to the township in which it is located, pursuant to the authority given by Acts 1913 p. 353, §§6480, 6480a Burns 1914, a bank located in the town, though not situated within the civil township wherein the school

is located, is "within the limits" of the school township as thus constituted, within the meaning of the act of 1913 (Acts 1913 p. 279, §7542 Burns 1914) amending the Public Depository Act, and, in that respect, is qualified to become a depository of the funds of said school township. (*Teeple v. State, ex rel.* [1908], 171 Ind. 268, distinguished.)

From Kosciusko Circuit Court; *Lemuel W. Royse,* Judge.

Action by the Atwood Bank of Mentone in Kosciusko County against the township officers constituting the Harrison Township Board of Finance for mandate. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Francis E. Bowser* and *Francis K. Bowser,* for appellant.

*Walter Brubaker,* for appellees.

EWBANK, J.—The question for decision is whether or not a bank in an incorporated town whose board of school trustees has been abolished, whose school property has been conveyed to the school township organized in the civil township in which such property is situated, and whose schools are controlled and operated by the trustee of that school township is "located within the limits of such" school township by which the schools of the town are operated, and thereby qualified to act as a public depository of· the school funds of such township, although not situated within the civil township served by the trustee having control of the town schools.

A demurrer to appellee's answer to the complaint was overruled, which ruling is assigned as error. The complaint alleged, in substance that the relator was a bank located in Harrison township and in Harrison school township, of Kosciusko county, Indiana; and the defendants, respectively, were the township officers who constituted the board of finance of said township and said school township; that because of being the only bank

located in said Harrison township, the relator had been made sole depository of all the public funds of the civil township; that by reason of facts pleaded in detail, which included the filing of a proper and sufficient bond, relator had become qualified to act as depository of all the funds of said Harrison school township; that there was no other bank, banking institution or trust company within the limits of said Harrison township; but that the Farmers State Bank, located in the town of Mentone, which had also qualified as a depository, except that it was not located within said township, also had been selected as a depository of the funds of the school township and given a share of them, relator being allotted only the remainder. The prayer was for a writ of mandate requiring the board of finance to award to relator, as public depository, all the funds of Harrison school township, and requiring the trustee to deposit such funds with it alone. The answer alleged that in 1885 the town of Mentone was incorporated so as to embrace parts of said Harrison township and of Franklin township, adjoining it on the south, in said Kosciusko county; that Main street in said town of Mentone runs east and west along the line dividing said townships, the center line of the street being the township line; that the Farmer's State Bank was situated on the south side of Main street in said town of Mentone, within said Franklin township; that in 1885, said town was organized as the school town of Mentone, with boundaries identical with the boundaries of the civil town, and existed as such, and in all respects owned, controlled and managed the public school therein, and the school building which it had erected on grounds purchased by said school town, and had paid for out of taxes levied and collected by said school town, until July 1, 1916; that on said date, by appropriate acts in conformity with the statute, as set out, the school town

was dissolved, the board of school trustees thereof was abolished, and the school building and grounds above referred to, which were north of Main street, were turned over to the management and control of the trustee of said Harrison school township, and the title to all the school property of the town, both real and personal, was conveyed by the school town of Mentone to said Harrison school township; that the same was accepted and thereafter was and is held by said school township and the trustee thereof for public school purposes; that thereupon and thereafter, said Harrison school township and the trustee thereof assumed the full and complete ownership, management and control of said schools within the town; employed teachers and maintained and conducted schools therein for all children within school age resident in the town of Mentone, in either township, levied taxes for school purposes in the name of Harrison school township on all real and personal property within the limits of Harrison civil township, and in that part of the town of Mentone lying outside the limits of said civil township, and in each of several years, successively, had been and was then receiving the school revenues derived from such taxes, and expending them for the use and benefit and maintenance of the schools of said Harrison school township; that Franklin school township aforesaid had no jurisdiction or control, for school purposes, over that part of the incorporated town of Mentone lying within Franklin civil township; that it neither levied nor collected school taxes nor maintained schools therein, nor paid tuition or transfer costs or charges on account of children who lived therein attending the schools of Harrison school township. .

Whether or not the facts alleged gave the bank in Mentone a right to share in deposits of the funds of

Harrison school township depends upon the construction of certain statutes, which may be epitomized as follows: Each civil township is to be also organized as a school township having the same boundaries and bearing the same name, and each such township and each incorporated town is made a distinct municipal corporation for school purposes. §§6404, 6405 Burns 1914, §§4437, 4438 R. S. 1881.

But an incorporated town having less than 1,500 inhabitants, and no school debt, may abandon and discontinue its management and control of the public schools within such town, abolish the board of school trustees, and convey and transfer all the school property to the trustee of the township in which the school is located, all of which shall be accepted and held by him for the use and purposes of the school township; any children of school age who are residents of such incorporated town shall be entitled to the same school privileges as those who reside exclusively in the township that has assumed ownership and control of the school and school property, and all school revenue paid by that portion of the incorporated town lying outside of said township shall be paid to the trustee of said township wherein the school is located, in the same way and manner as such revenues were before paid to the school trustees of the town. And the township trustee shall thereafter have full and complete control of all schools within the town, and shall conduct the same as provided by law for the other schools of such township. And all children of school age residing in the town, but outside the township in which the school is located, shall possess all the rights and privileges to attend such school located in the town, as though they lived in the township in which it is situated. §§6480, 6480a, 6480b Burns 1914, Acts 1913 p. 353.

All funds of city, town, township and school corpo-

State, ex rel., *v.* Board of Finance—194 Ind. 350.

rations shall be deposited in banks, banking institutions or trust companies designated as public depositories located within the respective limits of such cities, towns, townships or school corporations if such there be which will accept such deposits of funds on the terms prescribed by the statute.   Acts 1919 p. 698, §7542 Burns' Supp. 1921.

Under the provisions of the above statutes, when an incorporated town shall abolish its school board and convey its school building and grounds to the township in which they are located, the entire territory in the town is annexed to such township for all school purposes.   Not only do the children residing in any part of the town have equal school privileges and the equal right and privilege to attend the school operated therein by the township, without payment of tuition, whether they live within the boundaries of the civil township or not, but the residents and property owners of the whole town must pay taxes for the support of schools in the township by which their schools have been taken over, and all the school revenue thus paid, including what is paid by that portion of the incorporated town outside of that township, must be turned over to the trustee of the township in which the school is located, in the same way and manner as it would otherwise have been paid to the school trustees of the town.   Another township in which any part of the town may be situated has nothing to do with the levy or collection of taxes therein, the making of any orders concerning the children, or the payment of tuition for them.   The bank in Mentone, in other words, must pay taxes on its property in Mentone for the support of the schools at the same rate as its neighbor across the street in Harrison township, and the taxes thus paid by it and other owners of property in that part of the town south of Main street would constitute part of the funds to be allotted among pub-

lic depositories (if any) located within such school corporation. And Franklin township would not be called upon nor even permitted to take any action in the matter.

Counsel for appellants cite *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 86 N. E. 49, which construed Acts 1901, ch. 204, p. 448, as providing for the transfer of children of school age to another school corporation, to which tuition should be paid by the school corporation in which they resided, and held that the parent, guardian or custodian with whom such children resided was not thereby transferred to such other school corporation; and they urge that the same construction should be given to the statutes now under consideration. But, in the case at bar, we are not considering a statute which provides for sending children of one school corporation to the schools of another upon request by the officers of the school corporation in which they reside and in which their parents, guardians or custodians pay taxes, and upon payment of tuition by such corporation.

On the contrary, the statutes which control in the case at bar more nearly resemble §§4473, 4474 R. S. 1881, which formerly provided that heads of families might be transferred, for educational purposes, to an adjoining school corporation, and should then be required to pay school taxes in the school corporation to which they were so transferred at the rates at which other property and polls therein were assessed. Under that statute, it was held that persons having children entitled to school privileges who were transferred for school purposes from the corporation in which they resided to another, thereby became residents of the school corporation to which they and their property were so transferred. *Ireland* v. *State, ex rel.* (1905), 165 Ind. 377, 379, 75 N. E. 872.

We think that under a proper construction of the act of 1913, Acts 1913 p. 353, *supra,* a bank located in an incorporated town the schools of which have been abandoned to and taken over by a township is "located within the limits" of the school township as thus constituted, and entitled to share in the deposits of its funds, if otherwise qualified. No error was committed in overruling the demurrer to the answer of appellees.

The judgment is affirmed.