Davis v. State—178 Ind. 682.

---

## DAVIS v. STATE OF INDIANA.

[No. 22,187. Filed October 11, 1912. Rehearing denied December 17, 1912.]

1. CONTEMPT.— *Information.*— *Motion to Dismiss.*— *Appeal.*— *Record.*—*Review.*—No question is presented for review on the denial of a motion to dismiss a rule to show cause why defendant should not be punished for contempt, on the ground that the information did not state sufficient facts to constitute a contempt, where the record discloses no reason stated to support the motion. p. 683.

2. CONTEMPT.—*Motion to Dismiss Information.—Answer.—Appeal. —Review.*—No error was committed by the trial court in over-ruling a motion to dismiss a contempt proceeding where the facts stated in the answer supporting such motion were not sufficient to purge defendant of the contempt charged. p. 683.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Proceedings for contempt against Halfred G. Davis. From a judgment of conviction, defendant appeals. *Affirmed.*

*O. E. Brumbaugh* and *Joseph P. Gray,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MORRIS, J.—Appellant was indicted by the grand jury of Clinton county for the alleged keeping of a place for the illegal sale of intoxicating liquors. The cause was set for trial, and a subpoena was issued for David M. Hart to appear and testify on behalf of the State. After the issuance of the subpoena, and before service thereof, the witness left Clinton county and went to Hamilton county, and there was delay in procuring service of the writ. An information was filed, charging appellant with an indirect contempt of court, because, as alleged, he induced the witness to evade service of the subpoena. §1043 Burns 1908, §1008 R. S. 1881. On the filing of the information the court issued a rule against appellant, requiring him to appear and show cause why he should not be punished for contempt. Appellant appeared, and moved the court to discharge the rule to show cause, which motion was overruled. It is claimed that the

1. information did not state sufficient facts to constitute a contempt, and that the court erred in overruling the motion to discharge the rule. The record discloses no reason stated to support the motion, and consequently no question is presented for the consideration of this court on the sufficiency of the information. *Scott* v. *State* (1911), 176 Ind. 382, 96 N. E. 125; *Leach* v. *State* (1912), 177 Ind. 234; 97 N. E. 792; *Brown* v. *Jones* (1890), 125 Ind. 375, 25 N. E. 452, 21 Am. St. 227.

Appellant filed a verified answer to the information, and moved the court to be discharged. This motion was overruled and the court adjudged appellant guilty of an

2. indirect contempt of court, and fixed the punishment therefor by a fine of $250 and imprisonment in the county jail for a period of thirty days.

It is earnestly contended by counsel for appellant that the facts alleged in the answer were sufficient to warrant the defendant's discharge.

Without setting out the matters alleged in the information, which formed the basis for the rule to show cause, or the facts set out in appellant's verified answer, it is sufficient to say that we are not convinced that the lower court erred in holding that the answer was not sufficient to purge appellant of the alleged contempt.

There is no reversible error.   Judgment affirmed.

MYERS, J.—I am impelled to dissent from the conclusion reached on this record, as to the sufficiency of the answer to discharge appellant.

NOTE.—Reported in 99 N. E. 425.