Michael v. State—178 Ind. 676.

----

# MICHAEL v. STATE OF INDIANA.

[No. 22,038. Filed November 19, 1912. Rehearing denied December 17, 1912.]

1. APPEAL.—*Presenting Questions for Review.—Briefs.—Points and Authorities.*—Under clause 5 of Rule 22 of the Supreme Court, providing that no alleged error or point, not contained in the statement of points, shall be raised afterwards, either by reply brief or in oral or printed argument, where appellant complained of various instructions, and his brief, under the head of points and authorities, contained merely abstract statements of the law without designating the instructions to which such statements applied, such brief was insufficient to present any question on such instructions. pp. 678, 679.

2. APPEAL.—*Burden of Showing Error.*—The burden is on appellant to point out the alleged errors of the trial court. p. 679.

3. APPEAL.—*Briefs.—Defect in Appellant's Brief Cured by Appellee.*—A defect in appellant's brief, in failing to specify the instructions to which the points and authorities applied, is cured, where appellee's brief specified such instructions and fully discussed the same on their merits. p. 679.

4. HOMICIDE.—Manslaughter.—Evidence.—Instructions.—In a prosecution for murder, where the evidence showed that defendant fired two shots at decedent, that the first was fired in self-defense, that one of the shots inflicted a mere scalp wound and the other pierced the heart and was the sole cause of death, an instruction telling the jury that if it found that defendant fired the first shot in self-defense, and that thereafter, knowing that he was in no further danger, he fired a second shot voluntarily and in sudden heat, he would be guilty of manslaughter, was erroneous, since it was for the jury to determine which of the two shots produced the death. p. 680.

5. HOMICIDE.—Appeal.—Review.—Harmless Error.—Instructions.—Verdict.—Error, if any, in giving instructions in relation to the crime of murder in the first and second degrees, is harmless, where defendant was convicted of manslaughter only. p. 681.

From Cass Circuit Court; *John S. Lairy*, Judge.

Prosecution by the State of Indiana against Samuel Michael. From a judgment of conviction, the defendant appeals. *Reversed.*

*Robert Pollard, George W. Waters, Kistler & Kistler* and *McConnell, Jenkines, Jenkines & Stuart,* for appellant.

*Thomas M. Honan,* Attorney-General, *Thomas H. Branaman, Edwin Corr* and *James E. McCullough,* for the State.

MORRIS, J.—Appellant was tried by a jury, and convicted of the crime of manslaughter, on an indictment charging him with the murder, in the first degree, of Levi Pipenger.

Appellant contends that various errors were committed by the trial court in giving, and in refusing to give, instructions to the jury. The Attorney-General claims that appellant has waived his right to a consideration of these alleged errors, by reason of his failure to comply with Rule 22 of this court, in relation to the preparation of his brief. Appellant especially relies on his assigned error in the giving to the jury, by the trial court, of instruction thirty-eight, requested by the State.

In appellant's brief, under the heading of "Points and Authorities", certain propositions of law are stated and

authorities in support thereof cited, but no particular instructions are specifically designated to which such propositions apply. Under the heading of "Argument," however, in his brief, the instructions are designated to which appellant's various legal propositions are applicable, including instruction thirty-eight. The Attorney-General, while asserting that appellant has waived his right to a consideration of instruction thirty-eight, and others, has, nevertheless, in his brief, fully discussed, on their merits, appellant's specific criticisms of said instructions as disclosed in appellant's brief, under the heading of "Argument".

Appellant, in his reply brief, contends that even if it be admitted that his statement of points and authorities is in certain particulars not sufficiently definite to comply with clause 5 of Rule 22, yet, when taken in connection with appellee's brief, the court can intelligently pass on the questions presented, by reason of the fact that appellee's brief supplements that of appellant, and in such case appellant's right to a consideration of the questions presented shall be deemed as not waived.

1. It is provided in clause 5 of Rule 22 that "no alleged error or point, not contained in this statement of points, shall be raised afterwards, either by reply brief, or in oral or printed argument."

In *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 460, 78 N. E. 1033, this court said: "While a discussion or elaboration of a point is not proper in the statement of points, mere general statements, without specific and definite reasons *specifically applied,* present no question for decision." (Italics ours.)

In *Leach* v. *State* (1912), 177 Ind. 234, 240, 97 N. E. 792, this court said: "Mere abstract statements of law or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question."

The reasons for such rule are so obvious as to require little attention. The burden is on appellant to point out the alleged errors of the trial court. Where, as here, complaint is made of various instructions, and mere abstract statements of law are made without designating the particular instructions to which such statements apply, there is, unless the defect may be cured by appellee, imposed on the court the duty of determining, in advance, at which particular instruction the criticism is directed. This task is frequently a difficult one, especially where the instructions are either numerous or lengthy, and Rule 22 appropriately casts on appellant's counsel the duty of performing it. He knows the particular instruction he is intending to assail, and he cannot complain if opposing counsel and the appellate tribunal decline to search the record in the effort to ascertain what action of the trial court appellant is attacking.

We are of the opinion that appellant's brief does not comply with Rule 22 of this court in the particular mentioned, because it failed, in respect to instruction thirty-eight, and others, to specify the instruction or instructions to which the points and authorities were applicable.

Where, however, as here, the appellee has voluntarily performed a duty which the rule imposes on appellant, and specifies the instructions to which appellant's points apply, and fully discusses such points on their merits, there seems to be no reason why the court should apply the doctrine of waiver.

In *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 271, 86 N. E. 49, this court said: "It is not necessary to determine whether such ruling and exception thereto are sufficiently set forth in appellant's brief, because the relators have cured the defect, if any, in appellant's brief by copying the order-book entry of said ruling and appellant's exceptions thereto

in their brief, thus accomplishing the purpose of the rule."
See, also, *State, ex rel.*, v. *Terheide* (1906), 166 Ind. 689, 78
N. E. 195; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904),
163 Ind. 288, 69 N. E. 546.

We are of the opinion that since the defects in appellant's
brief have been cured by appellee, this court may consider
the points presented by appellant with reference to the in-
structions.

It is shown by uncontroverted evidence that appellant
and Pipenger became involved in an altercation; that appel-
lant was armed with a pistol and decedent with a
4. pitchfork; that during the altercation, which lasted
but a very short time, decedent jabbed appellant with
the pitchfork, and appellant shot Pipenger twice. One of
these shots inflicted a mere scalp wound, the only possible
effect of which was to cause slight pain. The other shot
pierced the heart of decedent, and was the sole cause of his
death.

Among the instructions to the jury, of which appellant
especially complains, was one numbered thirty-eight, given
at the request of the State, and reading as fol-
lows: "If you find from the evidence that the
defendant, Samuel A. Michael, fired the first shot
at Levi Pipenger, in self-defense, and that after
the first shot was fired, Pipenger made a good faith
effort to withdraw from the conflict, and, if you further find,
beyond a reasonable doubt, that the defendant, Samuel A.
Michael, knowing that he was in no further danger from
Pipenger, fired a second shot voluntarily in a sudden heat,
then I charge you that the defendant, Samuel A. Michael,
would be guilty of manslaughter, the other material aver-
ments of the indictment being proven beyond a reasonable
doubt." Appellant insists that the giving of this instruc-
tion was erroneous, because it invaded the province of the

jury by assuming that it was the second shot fired which caused decedent's death, whereas, appellant contends that the evidence warranted the jury in finding that death resulted from the first shot. The Attorney-General contends that if the instruction was erroneous it was harmless, because, he claims, the evidence conclusively shows that it was the second shot that caused death.

Appellant's defense was that he was acting in self-defense, and if he was so acting when the first shot was fired, and if it was the first shot that pierced the heart, there is no escape from the proposition that the instruction was erroneous, for defendant was not guilty of manslaughter in firing the shot that caused the mere scalp wound.

It is disclosed by the evidence, that after the second shot was fired, decedent walked or ran a considerable distance, to a tool shed, where he stood a few seconds, and then fell backwards and shortly afterward expired. One of the State's witnesses testified that about two seconds elapsed between the firing of the two shots. Which shot caused the death was a fact for the jury to determine.

There was no controversy over any material allegation of the indictment, save as to the question of self-defense. It was not disputed that death resulted from one or the other of the shots fired, but if, as assumed in the instruction, appellant fired the first shot in self-defense, and the second otherwise, the determination of the fact as to whether or not it was the first shot which caused death, was the determination of appellant's innocence or guilt. We think the instruction was erroneous, and that the judgment should be reversed for such error.

Appellant criticises some instructions which were
5.  given in relation to the crime of murder in the first
     and in the second degrees. Inasmuch as appellant
was convicted of manslaughter only, such errors, if any,

were harmless. *Rains* v. *State* (1899), 152 Ind. 69, 52 N. E. 450.

Other questions are presented relating to instructions given and refused, and one relating to alleged misconduct of the jury, but they are such as are not likely to arise on another trial of the cause, and are therefore not considered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Myers, J., did not participate in the determination of this cause.

NOTE.—Reported in 99 N. E. 788. See, also, under (1) 12 Cyc. 877; (2) 12 Cyc. 887; (4) 21 Cyc. 1033; (5) 21 Cyc. 1094. As to the law of self-defense, see 74 Am. St. 717; 109 Am. St. 804. As to the condition of mind of the slayer which reduces murder to manslaughter, see 134 Am. St. 726. For a discussion of the effect of an erroneous instruction as to a higher degree of crime where the jury is properly instructed as to, and find a verdict for, a lower degree, see 14 Ann. Cas. 989.