## ANDERSON *v.* STATE OF INDIANA.

[No. 22,291. Filed March 13, 1913.
Rehearing denied June 3, 1913.]

1. CRIMINAL LAW.—*Appeal.*—*Briefs.*—*Failure to Comply With Court Rules.*—Where the only error assigned is in overruling the motion for a new trial, and neither the motion nor its substance is set out in appellant's brief, but the same is merely referred to under the heading "Statement of the Record" as being set out in full at certain pages of the record, and the "Points and Authorities" consist merely of statements of abstract legal propositions without any information as to their intended application, such

brief is insufficient under the rules of court to present any question for review, notwithstanding under the heading "Argument" appellant sets out certain instructions and asserts error in the giving of each of them, and adduces reasons in support thereof. p. 591.

2. COURTS.—*Supreme Court.*—*Rules.*—The rules of the Supreme Court are binding on litigants. p. 592.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Prosecution by the State of Indiana against John Anderson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Richard M. Milburn* and *Robert W. Armstrong,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

MORRIS, J.—Appellant was convicted on a charge of assault and battery with intent to kill. His motion for a new trial was overruled, and this ruling is the only error assigned.

1. In appellant's brief, neither the motion nor the substance thereof is set out. Under the heading "Statement of the Record," appears only this: "The motion for a new trial is set out in full on page 318 and 319, and the ruling of the court thereon, and exceptions by defendant on page 320." Under the heading "Points and Authorities," appellant's brief contains statements of eight abstract legal propositions. In no one of such propositions is found any reference to any instruction given by the court to the jury, and consequently no information is given as to which, if any, of the instructions given, such legal propositions are intended to apply. In the brief, under the heading of "Argument" appellant sets out instructions Nos. 7 and 5, given by the court, and asserts error in the giving of each of them, and adduces reasons in support thereof.

It is contended by the Attorney-General that no question is here presented for review, because (1) of appellant's

failure in his statement of points and authorities, to specifically refer to any particular ruling or action of the trial court, alleged to be erroneous; and, (2) because appellant's brief, in its statement of the record, under clause five, Rule 22 of this court, fails to disclose any portion of the record relating to instructions given so as to present the error or exception on which he relies. The Attorney-General, in his brief, has refrained from any discussion of any matter appearing in appellant's brief, except as above stated. The precise question here involved was determined in

2. *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788.

The rules of this court are binding on litigants. The Attorney-General has done nothing here to cure the defects in appellant's brief, and it must be held that no question is presented for review. Clause 5, Rule 22, of this court; *Michael* v. *State, supra; Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 78 N. E. 1033; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 86 N. E. 49; *Bader* v. *State* (1911), 176 Ind. 268, 94 N. E. 1009.

No error appearing, the judgment of the trial court is affirmed.

NOTE.—Reported in 101 N. E. 84. See, also, under (1) 12 Cyc. 877; (2) 11 Cyc. 742.