## BUFFKIN *v.* STATE OF INDIANA.

[No. 22,607. Filed October 8, 1914.]

1. CRIMINAL LAW.—*Trial.*—*Instructions.*—An instruction in a prosecution for murder, stating that if all the allegations of the indictment had been proved beyond a reasonable doubt the jury "should" find the defendant guilty in the first degree, that if all the allegations except that of premeditation had been proved beyond a reasonable doubt it "should" find him guilty in the second degree, etc., was not erroneous and did not invade the constitutional right of the jury to determine the law, where the court, in preceding instructions, stated the material allegations of the indictment and defined the various degrees included in the charge, and in a following instruction formally and correctly told the jury of its constitutional right to determine both the law and the facts. p. 205.

2. CRIMINAL LAW.—*Misconduct of Prosecuting Attorney.*—*Review.* —Although the prosecuting attorney was guilty of improper conduct in discussing in his argument to the jury testimony that had been stricken out and withdrawn from the jury, the defendant must be deemed not to have been harmed thereby, where it appears that the court acted promptly in sustaining the motion of defendant's counsel to admonish the prosecuting attorney and instruct the jury not to consider his statement in regard to such evidence, so that there was no error in overruling defendant's subsequent motion to withdraw the submission and discharge the jury. p. 206.

3. HOMICIDE.—*Self-Defense.*—*Evidence.*—Although the testimony of defendant showed that he acted in self-defense, the court on appeal can not disturb the verdict finding him guilty of second degree murder, where the testimony of the only other eye-witness, if believed, was sufficient to warrant the jury in finding as it did, since it was the province of the jury to determine what testimony was the truth. p. 207.

4. APPEAL.—*Briefs.*—*Waiver of Error.*—Causes for new trial, to which appellant makes no specific reference in the propositions or points in his brief, are deemed waived. p. 207.

From Pike Circuit Court; *John K. Chappell,* Special Judge.

Prosecution by the State of Indiana against Floyd Buffkin. From a judgment of conviction, the defendant appeals. *Affirmed.*

*R. W. Armstrong,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, C. J.—Appellant was tried on an indictment which charged him with murder in the first degree. The jury found him guilty of murder in the second degree and judgment was rendered on the verdict. In this appeal from that judgment appellant has assigned and relies on the action of the trial court in overruling his motion for a new trial as error.

Among the numerous causes for a new trial stated in appellant's motion was the giving of instruction No. 3. It is now urged that the giving of this instruction was an

1. error which prevented appellant from having a fair and lawful trial in that counsel for appellant claims it, by the use of "should" instead of "may," invaded the right of the jury under the Constitution of the State to determine the law in criminal cases (Constitution, Art. 1, §19). The instruction thus assailed reads as follows: "If the evidence justifies, you may, upon the indictment, find the defendant guilty of murder in the first degree, or of murder in the second degree, or of manslaughter. If all the allegations of the indictment have been proved beyond a reasonable doubt you should find the defendant guilty in the first degree. If all the allegations in the indictment except the allegation of premeditation have been proved to you beyond a reasonable doubt, you should find the defendant guilty of murder in the second degree. If all the allegations of the indictment except the allegations of premeditation and malice have been proved to you beyond a reasonable doubt, you should find the defendant guilty of manslaughter. If no one of the degrees herein enumerated have been proved to your entire satisfaction beyond a reasonable doubt, you should find the defendant not guilty." In instructions preceding this one the court had correctly stated to the jury the ma-

terial allegations of the indictment and defined the degrees of murder and the felony of manslaughter included in the charge.  And following the instruction complained of, the court formally and correctly satisfied the constitutional provision by stating to the jury in another instruction that it was the right of the jury to determine the law as well as the facts in the case.  Under these circumstances it is definitely settled that giving an instruction such as that here involved is not an invasion of the constitutional right of the jury to determine the law and not error.  *Blocker* v. *State* (1912), 177 Ind. 356, 361, 98 N. E. 118, and cases there cited.

Counsel for the appellant makes the alleged misconduct of the prosecuting attorney in referring to and discussing in his argument testimony which had been stricken out and withdrawn from the jury, the basis of one of the causes for a new trial.  So far as the record may be said to disclose anything at all available to appellant relevant to this cause for a new trial, it appears from the special bill of exceptions through which the matter is sought to be presented, that counsel for appellant objected at the time and moved the court to admonish the prosecuting attorney and to instruct the jury not to consider the statement made for the reason that there was no such evidence in the trial, "which motion", it is recited, "was sustained and the court then and there admonished the prosecuting attorney, and instructed the jury that they should not consider the statement of the prosecuting attorney in regard to such statement of evidence".  Thereupon appellant's counsel moved the court on account of such alleged misconduct to withdraw the submission of the cause and discharge the jury from its further consideration, which motion the court overruled. This ruling was excepted to and is the foundation of this cause for a new trial.  The conduct of the prosecuting attorney was overzealous and improper.  The testimony which he was presenting to the jury to influence a verdict against

appellant had been withdrawn by the court from all consideration by the jury in reaching its verdict. But it appears that the court acted promptly and did all that appellant's counsel in his motion to admonish the offending counsel and instruct the jury asked the court to do. This must be taken to have cured any harmful effects to appellant's cause and reversible error could not be thereafter predicated on the motion which followed to set aside the submission of the cause and discharge the jury. Gillett, Crim. Law (2d ed.) §901; *McDonel* v. *State* (1883), 90 Ind. 320, 327; *Blume* v. *State* (1900), 154 Ind. 343, 356, 56 N. E. 771; *Smith* v. *State* (1905), 165 Ind. 180, 185, 74 N. E. 983, and cases there cited; *Wilson* v. *State* (1911), 175 Ind. 458, 470, 93 N. E. 609; *Welty* v. *State* (1913), 180 Ind. 411, 100 N. E. 73.

Counsel for appellant in the brief in his behalf suggests rather than insists that the evidence is insufficient in law and in fact to sustain the verdict, in that, it is claimed,

3. the evidence shows that he acted in self-defense. There were but two witnesses to the immediate acts leading to the homicide. These were the defendant, and a son of the dead man who was at the time of the trial 14 years old. If appellant's testimony stood alone to be taken as the whole truth of the *res gestae*, it would have to follow that he acted in self-defense. But it is in irreconcilable conflict in many particulars on this vital question with that of the dead man's young son. If the jury believed his testimony it was sufficient with the other material and relevant testimony given in the case to warrant the jury in finding the verdict it did. What testimony was the truth it was the province of the jury to determine and not of this court.

In the propositions or points in appellant's brief no specific reference is made to other causes for a new trial

4. than those which we have given consideration and they are therefore waived. *Anderson* v. *State* (1913),

179 Ind. 590, 101 N. E. 84, and cases there cited; *Weidenhammer* v. *State* (1914), 180 Ind. 349, 103 N. E. 413. No error has been shown and the judgment is affirmed.

NOTE.—Reported in 106 N. E. 362. As to what is deemed to be invasion by the court of the province of the jury, see 14 Am. St. 36. See, also, under (1) 12 Cyc. 654; (2) 12 Cyc. 918; (3) 21 Cyc. 1091; (4) 12 Cyc. 886.