## HOLLER *v.* STATE OF INDIANA.

[No. 22,633.  Filed October 9, 1914.]

1. CONTEMPT.—*Sufficiency of Information.—How Questioned.—Ap-
   peal.*—The sufficiency of an information for indirect contempt is
   properly questioned by a motion to discharge the rule to show
   cause.  p. 270.
2. CONTEMPT.—*Sufficiency of Information.—Initial Attack on Ap-
   peal.*—No question is presented as to the sufficiency of an in-
   formation for indirect contempt by an attack made for the first
   time by assignment of error on appeal.  p. 270.
3. APPEAL.—*Briefs.—Waiver of Error.*—An assignment of error is
   waived by appellant's failure to include in his brief any points
   and authorities in support of same.  p. 270.
4. APPEAL.—*Reservation of Questions for Review.—Failure to Ex-
   cept.*—No question can be presented for review on the ruling of
   the trial court on a demurrer, unless the record discloses that
   there was an exception to such ruling.  p. 270.
5. APPEAL.—*Questions Reviewable.—Ruling on Motion for New
   Trial.—Briefs.*—No question is presented on the overruling of a
   motion for new trial, where neither the motion nor its substance
   is set out in appellant's brief.  p. 270.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Proceeding on information for indirect contempt against

Edward Holler. From a judgment adjudging him to be in contempt, the defendant appeals. *Affirmed.*

*Daniel V. Miller* and *Frank A. Kelley,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, C. J.—A verified information was filed in the court below which sought to charge appellant with an indirect contempt of its authority by an attempt to take from it and its officials certain documentary evidence alleged to be relevant and material in a certain criminal charge then under investigation by that court and the grand jury of the county. There was duly served on appellant a rule to appear and show cause why he should not be attached and punished for contempt for the commission of the acts charged. §1047 Burns 1914, §1012 R. S. 1881. In response to the rule he appeared and answered the information in writing under oath. §1048 Burns 1914, §1013 R. S. 1881. This answer was taken by the court not to so sufficiently deny, explain, or avoid the facts set forth in the information as to show that no contempt had been committed and appellant was adjudged to be in contempt and punishment was laid against him by a fine of $100 and imprisonment in the county jail for a period of thirty days. Appellant thereupon filed a motion for a new trial which the court overruled.

In this court appellant has assigned errors challenging the sufficiency of the information to state facts sufficient to warrant a rule being granted against him to show cause why he should not be adjudged guilty and punished for contempt, the action of the lower court in holding his answer to the information insufficient and the ruling on his motion for a new trial. There is a double reason for holding as we do that appellant has presented nothing to invoke a determination by this court of the sufficiency of the informa-

tion. The proper mode of testing an information for indirect contempt is by a motion to discharge the rule to show cause. *Cheadle* v. *State* (1887), 110 Ind. 301, 313, 11 N. E. 426; *Stewart* v. *State* (1895), 140 Ind. 7, 39 N. E. 508; *Davis* v. *State* (1912), 178 Ind. 682, 99 N. E. 425. The record in the case before us exhibits no such motion nor any exception to any ruling of the court denying it. The sufficiency of a complaint, indictment or information to state facts can not, since the act of 1911 (Acts 1911 p. 415, §249 Burns 1914), be attacked for the first time on appeal. *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929. The further reason is that in that part of appellant's brief devoted to propositions and points as required by clause 5 of Rule 22 of the rules of this court no proposition or point is stated in any manner calling in question the sufficiency of the facts stated in the information to constitute a contempt. This failure is a waiver of any assignment of error involving the sufficiency of the information. *Leach* v. *State* (1912), 177 Ind. 234, 239, 97 N. E. 792, and cases there cited.

Nor has the appellant foundation for the assignment of error that the trial court erred in holding his answer insufficient. He did not, so far as the record discloses, except to that decision of the court. This was necessary to present any question on the decision for review. §1048 Burns 1914, *supra;* Elliott, App. Proc. §§293, 624, 783-787; *Lewis* v. *Nielson* (1911), 176 Ind. 414, 416, 96 N. E. 145. Appellant excepted to the ruling of the court on his motion for a new trial and this is the only exception shown by the record. But assuming that a motion for a new trial is contemplated in a summary proceeding such as the one before us, a question we do not decide, none is presented for our consideration in this case. No motion for a new trial nor the substance of any such motion is' set out in appellant's brief. This failure to comply with clause 5 of Rule 22 makes the assignment

of errors involving the court's ruling on the motion for a new trial unavailable to him in any event. *Lee* v. *State* (1912), 177 Ind. 232, 97 N. E. 785, and cases there cited.

The judgment is affirmed.

NOTE.—Reported in 106 N. E. 364. As to courts and tribunals authorized to punish for contempt, see 117 Am. St. 950. See, also, under (1) 9 Cyc. 38; (2) 9 Cyc. 65;. (3) 3 Cyc. 388; 12 Cyc. 886; (4) 2 Cyc. 1048; (5) 2 Cyc. 1014.