## EVANSVILLE RAILWAYS COMPANY *v.* COOKSEY, ADMINISTRATRIX.

[No. 8,993. Filed May 11, 1916. Rehearing denied November 29, 1916. Transfer denied January 5, 1917.]

1. APPEAL.—*Briefs.—Questions Presented for Review.—Ruling on Demurrer.—Scope of Review.*—Where appellant assigns as error the overruling of its demurrer to the complaint but in its brief, under "Points and Authorities," the complaint is challenged as being insufficient in only one respect, the appellate tribunal is not required to determine the sufficiency of the pleading on any other point than the one attacked. p. 486.

2. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Complaint.—Negligence.—Proximate Cause.*—Where, in an action for wrongful death, the complaint avers that the injury to the decedent and his death was caused by the negligence of the defendant in operating its freight car on a defective track, which was laid in violation of a city ordinance, and that all the wrongs and grievances set out, particularly the death of decedent, were entirely due to the negligence of the defendant as set out in the pleading, such complaint sufficiently charges that the negligence alleged was the proximate cause of the injury suffered. p. 486.

3. MASTER AND SERVANT.—*Injuries to Servant. — Action. — Complaint.—Negligence.—General and Specific Allegations.*—Where, in an action against a street railway company for wrongful death, the complaint contains a general averment directly charging that defendant's negligence in unlawfully constructing its tracks in too close proximity to its poles was the proximate cause of the injury suffered, such general averment is not overcome by a spe-

cific allegation that decedent received his injury because the
swaying of the car threw him through the door thereof and
against a pole, and the complaint is sufficient as against demur-
rer, since the swaying of the car was but an incident in its op-
eration which extended the negligence charged so as to result in
the death. p. 487.

4. APPEAL.—Review.—New Trial.—Effect.—Errors Prior Thereto.
—Where defendant procured the court below to grant it a new
trial, it waived any error in that court's ruling, made prior to the
order for the new trial, on its motion for judgment on the in-
terrogatories. p. 488.

5. MASTER AND SERVANT.—Injuries to Servant.—Contributory Neg-
ligence.—Answers to Interrogatories.—Where, in an action against
a street railway company for the wrongful death of a conductor
who was injured when struck by a trolley pole, negligence is
predicated on the alleged construction of the tracks too close to
the trolley poles, the jury's answers to interrogatories showing
that decedent knew that in passing the particular pole causing
the injury it was dangerous to put one's head outside the car
door, a motion for judgment on the interrogatories as showing
decedent guilty of contributory negligence was properly denied,
where the answers do not show that decedent voluntarily, unnec-
essarily or negligently extended any part of his person beyond
the car, or that he was negligent in occupying a position near
the door, as it must be assumed, in the absence of answers to
the contrary, that decedent occupied such position in the dis-
charge of his duties, and that while so engaged he was thrown
through the door and against the pole by the swaying of the car,
as alleged in the complaint. pp. 488, 490.

6. MASTER AND SERVANT.—Injuries to Servant.—Assumption of
Risk.—Violation of Ordinance.—Where, in an action against a
street railway company for the wrongful death of a conductor
who was struck by a trolley pole, the negligence charged con-
sisted in the violation of a city ordinance, the doctrine of assump-
tion of risk is not applicable notwithstanding decedent's knowl-
edge of the risk. p. 490.

7. MASTER AND SERVANT.—Injuries to Servant.—Action.—Jury
Questions.—Contributory Negligence.—Weighing Evidence.—In an
action against an electric line for the death of a conductor who
was killed when struck by a trolley pole, where several witnesses
testified that at the time of the accident decedent had his head
out of the car door, and a single witness testified that while he
was standing in the doorway, but wholly within the car, the
swaying of the car threw him out of the door and against the
pole, the weighing of the evidence and the credibility of the wit-
ness was for the jury to determine, and the court on appeal can

not disregard the evidence of the single witness and say as a matter of law that decedent was guilty of contributory negligence. p. 490.

8. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Master's Negligence.—Violation of City Ordinance.—Proximate Cause.—Evidence.*—In an action against a street car company for the wrongful death of an employe, defendant's negligence, as established, in maintaining its tracks in violation of a city ordinance was actionable only if the proximate cause of decedent's injury, so that it was proper to permit an expert witness to testify that the manner in which the tracks were maintained at the place of the accident was improper construction, such evidence being pertinent to the question of proximate cause. p. 492.

9. MASTER AND SERVANT.—*Injuries to Servant.—Master's Negligence.—Violation of Municipal Ordinance.*—The violation by a street car company of a city ordinance requiring that double tracks be laid an equal distance from the center of the street, resulting in the death of an employe, constitutes negligence. p. 492.

10. MASTER AND SERVANT.—*Injuries to Servant.—Duty of Master.—Safe Place to Work.—Delegation of Duty.*—A street railway company using the tracks of another company is not relieved of liability for injury to its employes due to defective or negligent construction of the tracks because they are maintained by the other company, since the duty to provide a safe working place for employes is nondelegable. p. 493.

11. TRIAL.—*Refusal of Instructions.—Conformity to Pleading and Proof.*—It is proper to refuse requested instructions which are not applicable to the theory of the case and the evidence. p. 494.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Minnie S. Cooksey, administratrix of the estate of Walter Cooksey, deceased, against the Evansville Railways Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Albert W. Funkhouser, Arthur F. Funkhouser, Woodfin D. Robinson, W. E. Stilwell* and *U. W. Youngblood,* for appellant.

*G. V. Menzies* and *J. E. Williamson,* for appellee.

CALDWELL, J.—The following statement of facts disclosed by the complaint is sufficient for the determination of questions presented in support of the assignment that the court erred in overruling the demurrer thereto: On September 9,

1909, and for a number of years prior thereto, the Evansville Electric Railway Company was operating an electric street railway in the city of Evansville under an ordinance of the city. The Evansville and Mt. Vernon Electric Railway Company, appellant's predecessor, was organized to operate an interurban electric railway between the two cities indicated by its name. On September 11, 1905, it entered into a contract with the Evansville Electric Railway Company and the city of Evansville, by which it acquired the right to operate its cars, both freight and passenger, from the western limits of the city to a point therein over certain designated tracks of the latter company, which contract was in the form of an accepted ordinance of the city. On September 9, 1909, appellant, as the successor of the Evansville & Mt. Vernon Electric Railway Company, was operating the line connecting Evansville and Mt. Vernon, entering the former city under and by virtue of the terms of said contract. Franklin street extends eastward through said city, intersecting St. Joseph avenue at right angles. That part of Franklin street east of St. Joseph avenue is wider than the part which lies west of said avenue. Double tracks were laid and maintained on Franklin street. The tracks extending eastward along Franklin street described a compound curve at and near such intersection, such construction being necessary in order that the tracks might be kept near the center line of the street. On September 9, 1909, Walter Cooksey, appellee's decedent, was an employe of appellant as conductor of one of its freight cars. On said day, while the car of which decedent was conductor was traveling eastward into said city, and as it approached said intersection, decedent was standing at or near the north door of the car looking westward, whereupon the car, as it was traversing said curve, suddenly swayed, whereby decedent was thrown off his balance, and caused to pitch forward and outward, thereby bringing his head in violent contact with a trolley pole standing near the eastern terminus of the curve, whereby his skull was frac-

tured and from which injury he died. The pole stood so near to the track that a car such as the one of which decedent was conductor cleared it by only five and one-half inches. The negligence charged consists in the violation of an ordinance of the city requiring that double tracks be laid so that the center line of the space between the two tracks should be the center line of the street, and whereby the tracks were brought in close proximity to such pole aforesaid, and also of the violation of another ordinance requiring that all tracks, trolley poles, etc., should be kept in safe condition, and that all cars should be adapted to operation upon said tracks without injury thereto, and that they should be suitable for the safe transportation of passengers. The car involved here was forty-five feet long and eight and one-half feet wide. The physical situation resulting from the negligence charged, as disclosed by the complaint, was to the effect that, as the south track was maintained nearer the center line of said street than the north track, the car, being of the dimensions aforesaid, cleared said pole only as alleged.

Appellant assigns error on the overruling of its demurrer to the complaint. In its brief, under "Points and Authorities," the complaint is attacked only on the ground

1. that it fails to disclose that the negligence charged was the proximate cause of the injury suffered. We are, therefore, not required to determine the sufficiency of the complaint from any other viewpoint. *Buffkin* v. *State* (1914), 182 Ind. 204, 106 N. E. 362; *Holler* v. *State* (1914), 182 Ind. 268, 106 N. E. 364; *Mutual Life Ins. Co.* v. *Finkelstein* (1914), 58 Ind. App. 27, 107 N. E. 557.

A sufficient charge of negligence being thus impliedly conceded, to ascertain whether a proximate relation of cause and effect between the negligence charged and the

2. injury alleged to have been suffered is disclosed by the complaint, is the limit of our duty if not of our power. As bearing on this subject, it is directly averred in the complaint that "the injury to the decedent and his

death were caused by the negligence of the defendant in operating said freight car on the said defective track, which track was laid in violation of said ordinance of the city of Evansville, as aforesaid.'' There is a further allegation that ''all the wrongs and grievances herein set out, particularly the death of her decedent, was entirely due to the negligence of the defendant as herein set out.'' The complaint is therefore sufficient as against the objection urged. *Baltimore, etc., R. Co.* v. *Peterson* (1900), 156 Ind. 364, 59 N. E. 1044; *Board, etc.* v. *Mutchler* (1894), 137 Ind. 140, 36 N. E. 534; *Chicago, etc., R. Co.* v. *Stephenson* (1903), 33 Ind. App. 95, 69 N. E. 270; 29 Cyc 573.

It is urged, however, that the complaint specifically discloses that the swaying of the car rather than the negligence charged was the proximate cause of the injury. The former is not alleged to have been caused by any negligent conduct or unusual act on appellant's part

3. or by the intervention of any agency independent of the operation of the car in the usual way. The accident happened then in the ordinary operation of the car. It sufficiently appears from the complaint that in the absence of the wrongs averred, there would have been no injury and that the accident was of a nature that it, or some similar occurrence, might reasonably have been anticipated by appellant. As a practical proposition, it seems to us apparent that the predominating and efficient cause of the injury was the negligence charged by reason of which the car cleared the pole by the narrow margin alleged. The swaying of the car, like its onward movement, was but an incident in the operation of the car, and by which the negligence charged was extended effectively to its natural result. The specific averment therefore respecting the swaying of the car does not overcome the general averments on the subject of proximate cause. *Board, etc.* v. *Mutchler, supra; Bessler* v. *Laughlin* (1906), 168 Ind. 38, 79 N. E. 1033; *Cincinnati, etc., R. Co.* v. *Worthington* (1902), 30 Ind.

App. 663, 65 N. E. 557, 66 N. E. 478, 96 Am. St. 355; *Terre Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, 49 Am. Rep. 168; *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 26 N. E. 64; *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 26 N. E. 51, 9 L. R. A. 750, 22 Am. St. 582.

This cause was first tried in the Gibson Circuit Court. The former trial resulted in a verdict in favor of appellee. Appellant thereupon in such court met with an

4. adverse ruling on its motion for judgment on the answers to certain interrogatories returned with the general verdict. Such ruling is assigned as error in this court. Following such ruling, a new trial was granted on appellant's motion. Appellant by procuring the Gibson Circuit Court to grant it a new trial waived the error, if any, in the ruling on the motion for judgment. *King* v. *Inland Steel Co.* (1911), 177 Ind. 201, 96 N. E. 337, 97 N. E. 529.

Appellant assigns error also on the overruling of its motion for judgment on the answers to interrogatories returned with the general verdict in the trial in the

5. Warrick Circuit Court. In support of such assignment, appellant states generally that the answers are conclusive that decedent's own negligence was the proximate cause of the injury. Appellant, to sustain such contention, refers in argument to certain of the answers whereby the jury found that decedent had cautioned other employes of appellant to avoid injury to themselves by coming in contact with the poles on Franklin street, and that he had warned them respecting the peril they would incur should they extend their bodies outside the cars on the side next to the poles, and that decedent knew that in passing this particular pole the side of the freight car would come so near it as to render it dangerous for a person to put his head outside of the door of the car. These answers are sufficient to establish that decedent knew that should he extend any part of his person outside the car at the place

involved here on the side next to the pole and while the car
was moving toward it, he would be in danger of receiv-
ing serious injury by coming in contact therewith.  More-
over, should he voluntarily and when the proper discharge
of his duties did not require it, extend his body beyond the
line of the car, and as a consequence receive injury by com-
ing in contact with the pole, such fact would go very far at
least toward convicting him of contributory negligence.  The
answers to interrogatories, however, do not establish that
decedent voluntarily, abstractedly or unnecessarily extended
any part of his person beyond the car, or that he was negli-
gent in occupying his position near the door immediately
prior to the accident.  There being an averment in the com-
plaint to that effect and the answers not disclosing the
contrary, it must be assumed in the present discussion that
appellee's decedent in occupying such position was acting
in harmony with the proper discharge of his duties as an
employe.  Under such circumstances, it cannot be said that
the fact that he occupied such position convicts him of con-
tributory negligence.  This is true, although he had full
knowledge of the position of the pole and of its proximity
to the track, by reason of the negligence charged.  It is true
that, as so circumstanced, he subjected himself to the perils
growing out of the negligence charged, rendered potent by
certain incidents accompanying the operation of the car, as
its swaying, but to such a situation the principle of assump-
tion of risk, rather than that of contributory negligence is
applicable; that is, although decedent knew that the track
was being maintained in violation of the ordinance, and that
the car would as a consequence pass very near the pole, yet,
if his occupying such position was consistent with his obliga-
tions as an employe, he could not be convicted of contribu-
tory negligence by reason of the mere fact that he occupied
such position.  If he exercised reasonable care for his own
safety while in such position, he was not guilty of contribu-
tory negligence.  If the action here were based on a common-

law liability, rather than on the violation of a city ordinance, decedent's mere situation and knowledge would have aroused the principle of assumption of risk rather than that of contributory negligence, but as the negligence charged consisted in the violation of city ordinances, the doctrine of assumption of risk is not applicable, and the risk of the perils which decedent incurred by reason of his position was not, as a legal proposition, assumed by him notwithstanding his knowledge. *Chicago, etc., R. Co.* v. *Lawrence* (1907), 169 Ind. 319, 327, 79 N. E. 363, 82 N. E. 768; *Davis Coal Co.* v. *Polland* (1901), 158 Ind. 607, 62 N. E. 492, 92 Am. St. 319. In order that the principle of contributory negligence might arise against decedent, he must have been guilty of negligent conduct when so situated, as, for example, that he voluntarily or negligently extended his person beyond the car. The answers to the interrogatories do not establish that he was guilty of any such action. On the contrary, it must be assumed in the consideration of said motion that, while in the discharge of his duties, his person was projected beyond the car, and thus brought in contact with the pole, by reason of the swaying of the car as alleged in the complaint. Under such circumstances, the answers to interrogatories do not establish contributory negligence, and the motion was properly overruled. For distinction between assumption of risk and contributory negligence, see *Pittsburgh, etc., R. Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 439, 107 N. E. 315, and cases cited.

Under the assignment in the motion for a new trial that the evidence is insufficient to sustain the verdict, appellant directs specific points only to the issue of contributory negligence. Our discussion will therefore be confined to the same limits. The evidence bearing on this issue is contradictory. Several witnesses testified that as the car approached the pole decedent stood in the north door, with his hand resting on the frame, his head

extended beyond the car, and that he was apparently gazing back at some object in the street, and that while in such position his head came in contact with the pole. If there were no other evidence bearing on this subject, appellant would probably be correct in its contention that decedent's contributory negligence is established. A witness, however, who was near, testified to a different state of facts. His testimony was to the effect that when the car was within a half-block of the street intersection, he observed decedent within the body of the car, opposite the doorway, engaged in stacking boxes of freight or some such work; that just before the car arrived opposite the pole, decedent stepped to the doorway and stood within the line of the car, his right hand resting on the west side of the frame, his back northward, and that he was apparently looking at some object in the west end of the car; that while in such position the car swayed, and that thereby decedent was thrown outward, his head coming in contact with the pole. Appellant apparently does not controvert the proposition that, if this testimony be considered as evidence, the record presents some evidence supporting the verdict on the issue of contributory negligence, and hence that this court could not say as matter of law that decedent was guilty of contributory negligence. Appellant's argument, as we interpret it, is to the effect that testimony is not necessarily evidence, and that, viewing the evidence as a whole bearing on such issue, this court should say as matter of law that the testimony of such witness is not credible, and hence that contributory negligence is established. The testimony of such witness was relevant. If true, it cannot be said as matter of law that decedent contributed to his injury by his own negligence. His credibility was for the jury. The weighing of his testimony with that of other witnesses who testified to a different state of facts was also for the jury. His testimony being relevant, it was for the jury rather than this court to say whether it arose to the dignity of evidence. The jury

by their general verdict determined that question. We cannot say as matter of law that decedent was proven guilty of contributory negligence.

The evidence established that the trolley pole with which decedent came in contact was in the center of the street, but that by reason of the tracks at that point being maintained in violation of the ordinance, the south track was substantially closer to the pole than the north track. Under such circumstances, the court permitted a qualified witness to testify over objection that the maintaining of the track in the close proximity to the pole indicated by the evidence was improper construction. We are inclined to agree with appellant in its contention that its negligence in this case cannot be determined by an application of the standard of proper or improper construction as fixed by the principles of railroad engineering. Its negligence, as charged, is based on the alleged violation of certain ordinances. If it violated the ordinances, it was guilty of negligence. If it acted in obedience to such ordinances, it was not in that respect guilty of negligence, regardless of the opinions of railroad engineers on the subject of proper track construction. However, appellant may have violated the ordinances and thereby have been guilty of negligence, and yet the negligence may not have been actionable because not the proximate cause of the injury. In this case the question of proximate cause was and is controverted. If a certain track construction is negligent because in violation of a statute or ordinance, then the fact as to whether, independent of the ordinance, and fundamentally considered, it was a proper or improper construction might have an important bearing in the process of determining whether such negligence was the proximate cause of the injury. The court, therefore, did not err in admitting the evidence under consideration.

Complaint is made also that certain offered testimony was

refused. Neither in appellant's statement of the record, in the motion for a new trial, nor in points made in support of errors assigned, are we referred to the respective places in the transcript where the alleged erroneous ruling may be found. We have, however, from certain references contained in the department of the brief devoted to the argument, endeavored to search out such rulings but find no material error.

The court refused instructions Nos. 4 and 11 requested by appellant. The substance of instruction No. 4 is that proof that appellant maintained the track and pole at the place involved here was essential to a recovery.

10.

This instruction is somewhat obscure. As we interpret it, however, it is to the effect that, regardless of the track's defective condition, by reason of its location, or of the extent to which its existence constituted a violation of the ordinance of the city of Evansville, or of appellant's knowledge along these lines, if some other company was in fact looking after the track and keeping it in repair, appellant, for such reason alone, is not liable in this action. It appears that appellant by virtue of a lease or running privilege was regularly using the track involved here in the operation of its cars. It therefore adopted such instrumentality as its own. It constituted a part of the place furnished by appellant to decedent in which to work, and where he was required to work. Appellant therefore owed decedent a duty to exercise reasonable care to place and keep such track in a reasonably safe condition. Such duty must be classed among those that are nondelegable. Appellant could not relieve itself from such duty by entrusting its performance to another corporation. The instruction was therefore properly refused. *Brady* v. *Chicago, etc., R. Co.* (1902), 114 Fed. 100, 52 C. C. A. 48, 57 L. R. A. 712; *Illinois Central R. Co.* v. *Sheegog* (1909), ·215 U. S. 308, 30 Sup. Ct. 101, 54 L. Ed. 208; 33 Cyc 715; *Stetler* v. *Chicago, etc., R. Co.* (1879), 46 Wis. 497, 1 N. W. 112; *Wisconsin Central R. Co.* v. *Ross*

(1892), 142 Ill. 9, 31 N. E. 412, 34 Am. St. 49; *Story* v. *Concord, etc., R. Co.* (1900), 70 N. H. 364, 48 Atl. 288; *Hamilton* v. *Louisiana, etc., R. Co.* (1906), 6 L. R. A. (N. S.) 787, note.

Instruction No. 11 is to the effect that there could be no recovery in this action if decedent knew of the proximity of the pole to the track, and that one who extended 11. any part of his person beyond the car was likely to suffer injury by coming in contact therewith, and with such knowledge continued in appellant's employ without any promise that conditions would be changed. This instruction was properly refused. As we have indicated, there was evidence justifying the jury in finding that decedent's person was thrown from or extended beyond the car through no fault of his, and while in the discharge of his duties. That theory of the case is ignored by the requested instruction. We find no material error in the instructions given. There is no question presented from a consideration of which we should be justified in reversing this case. The judgment is therefore affirmed.

NOTE.—Reported in 112 N. E. 541. See under (2) 26 Cyc 1389; (5) 26 Cyc 1514; (6) 26 Cyc 1181; (7) 26 Cyc 1482; (10) 26 Cyc 1104. Violation of statute or ordinance not intended for plaintiff's benefit as actionable negligence, 9 Ann. Cas. 427; Ann. Cas. 1912D 1106; Ann. Cas. 1916B 301.