## WEIDENHAMMER *v.* STATE OF INDIANA.

[No. 22,438.   Filed December 10, 1918.   Rehearing denied March 20, 1914.]

1. CRIMINAL LAW.—*Appeal.*—*Presenting Questions for Review.*—*Ruling on Motion for Peremptory Instruction.*—The ruling on a motion for a peremptory instruction to return a verdict of acquittal cannot be made the basis of an independent assigment of error on appeal, but should be presented as ground for a new trial.   p. 350.

2. APPEAL.— *Questions Reviewable.*— *Briefs.*— *Sufficiency.*—Appellant's brief, containing under "points and authorities" many abstract statements of law and citations of authorities without indicating what relation or bearing any of them have to the questions attempted to be presented, and without attempting to fit any of them to any ruling of the trial court, does not comply with clause 5 of Rule 22 and is therefore insufficient to present any question for review.   p. 350.

3. ADULTERY.—*Evidence.*—*Sufficiency.*—Positive proof is not essential to a conviction for adultery, but the evidence is sufficient if it establishes facts and circumstances from which guilt may be inferred, and which will satisfy a rational and just man beyond a reasonable doubt.   p. 351.

4. ADULTERY.— *Evidence.*— *Circumstances.*— *Sufficiency.*—The test of the sufficiency of circumstances to support a verdict of guilty in a prosecution for adultery is, that the facts which the jury accepted as proved can be reasonably accounted for on no other hypothesis than the defendant's guilt, that with the theory of his guilt they are harmonious and consistent, and that they point to it so clearly and distinctly as to satisfy the jury of it beyond a reasonable doubt.   p. 351.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Prosecution by the State of Indiana against George Weidenhammer. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Charles R. Milford,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

Cox, J.—Appellant was charged by indictment with adultery, tried by a jury and convicted. On appeal here from the judgment he has assigned two errors: (1) Overruling his motion for a new trial; (2) overruling his motion to instruct the jury peremptorily to return a verdict of acquittal. The second alleged error is not well assigned. It is matter properly made cause in a motion for a new trial. It cannot be made the basis of an independent assignment of error on appeal. Appellant's motion for a new trial sets up twenty causes. Under the head of "Points and Authorities" appellant's brief contains many abstract statements of law and citations of authorities having more or less relation to the crime of adultery, but in this part of the brief it is nowhere indicated what relation to or bearing on any of the several causes for a new trial any of these points and authorities have. No attempt is made to fit any of these statements to any particular ruling of the court. This is not a compliance with clause 5 of Rule 22 of the rules of this court which requires the propositions or points and authorities to be stated under a separate heading of each error relied on. "Mere abstract statements of law, or fact, or both, unless applied specifically to some particular ruling or action of the court, although contained in appellant's statement of points, present no question." *Leach* v. *State* (1912), 177 Ind. 234, 97 N. E. 792. See, also, *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Anderson* v. *State* (1913), 179 Ind. 590, 101 N. E. 84, and cases there cited.

Judgment affirmed.

## OPINION ON PETITION FOR REHEARING.

COX, J.—While conceding the failure of the brief for appellant to comply with the rules in the particular pointed out in the opinion of the court, counsel for appellant earnestly insists that the brief shows a good faith endeavor to present to this court the contention that the evidence was insufficient in law and fact to sustain appellant's conviction. Yielding to the respectful importunity now made to decide this question, we have given it full consideration. No claim is made that the evidence failed to reach that degree of certainty necessary to sustain a conviction except on the element of sexual commerce. As to this the evidence of the State was circumstantial. Appellant introduced no evidence at all, being content to rest his defense on the alleged failure of the State's evidence in the particular stated.

From the nature of the offense it is commonly impossible to produce direct proof of sexual acts between the parties, hence the rule that direct, positive proof is 3. not essential to conviction. It is sufficient if the evidence establishes facts and circumstances from which guilt may be inferred, and which will satisfy a rational and just man beyond a reasonable doubt. 1 Ency. Evidence 628; 2 Wharton, Crim. Ev. (10th ed.) 1668; Underhill, Crim. Ev. §381. In 1 Cyc. 963, it is said: "In almost every case of adultery the fact of carnal intercourse is inferred by circumstances; but the circumstances upon which a conviction is sought must be such as would lead the guarded discretion of a reasonable and just man to the conclusion that the offense had been committed, and where the circumstances are merely incriminating, the weight of the evidence should be left to the jury."

The test of the sufficiency of circumstances which usually obtains is, that the facts which the jury accepts as 4. proved can be reasonably accounted for on no other hypothesis than the defendant's guilt, that with the

theory of his guilt they are harmonious and consistent and that they point to it so clearly and distinctly as to satisfy the jury of it beyond a reasonable doubt. 2 Bishop, New Crim. Proc. (2d ed.) §§1073-1079.

It is enough to say, without reviewing the evidence in this case at length, that, measuring it by the rules stated, it warranted the jury in finding appellant guilty as charged. The facts proven without conflict in the testimony show either directly or inferentially, to the exclusion of any other reasonable conclusion, that appellant seduced the wife of another from him and his home and openly lived with her in an adulterous relation.

Petition overruled.

Note.—Reported in 103 N. E. 413; 104 N. E. 577. Generally as to circumstantial evidence, see 62 Am. Dec. 179; 97 Am. St. 771.